# U.S. District Court
## District of New Hampshire (Concord)
## CIVIL DOCKET FOR CASE #: <u>1:22−cv−00326−LM</u>

Ortolano v. Bolton et al
Assigned to: Judge Landya B. McCafferty
Cause: 28:1331 Fed. Question

Date Filed: 08/23/2022
Date Terminated: 04/29/2026
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Laurie Ortolano**  represented by **William E. Aivalikles**
Aivalikles Law Office
253 Main St
Nashua, NH 03060
603 880−0303
Email: <u>william@nhtriallaw.com</u>
*ATTORNEY TO BE NOTICED*

**Kurt S. Olson**
Olson & Olson PA
31 Franklin Rd
Salisbury, NH 03268
603 648−6188
Email: <u>kolson@mslaw.edu</u>
*TERMINATED: 11/05/2024*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**City of Nashua, NH**  represented by **Brian J.S. Cullen**
*TERMINATED: 03/14/2025*  Cullen Collimore Shirley PLLC
37 Technology Way
Suite 3W2
Nashua, NH 03060
603−881−5500
Email: <u>bcullen@cullencollimore.com</u>
*ATTORNEY TO BE NOTICED*

**Jonathan M. Shirley**
Cullen Collimore Shirley PLLC
37 Technology Way
Suite 3W2
Nashua, NH 03060
603−881−5500
Fax: 603−881−5507
Email: <u>jshirley@cullencollimore.com</u>

*ATTORNEY TO BE NOTICED*

**Defendant**

**Kimberly Kleiner**
*TERMINATED: 03/10/2025*

represented by **Dona Feeney**
Friedman Feeney Getman, PLLC
95 N State St, Ste 5
Concord, NH 03301
603–736–7683
Fax: 603–736–7686
Email: dfeeney@friedmanfeeney.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Betancourt**
Friedman Feeney Getman, PLLC
95 N State St, Ste 5
Concord, NH 03301
603–783–5061
Email: dbetancourt@friedmanfeeney.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Griffin**
*TERMINATED: 09/28/2023*

represented by **Adam B. Pignatelli**
Rath Young & Pignatelli PA
One Capital Plz
PO Box 1500
Concord, NH 03302–1500
603 226–2600
Email: abp@rathlaw.com
*ATTORNEY TO BE NOTICED*

**Michael A. Pignatelli**
Rath Young & Pignatelli PC
The Glass Tower
20 Trafalgar Sq
Nashua, NH 03063
603–889–9952
Fax: 603–595–7489
Email: map@rathlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jonathan Duhamel**
*TERMINATED: 11/16/2022*

represented by **Brian J.S. Cullen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven Bolton**

represented by **Russell F. Hilliard**
Upton & Hatfield LLP
159 Middle St

Portsmouth, NH 03801
603 436–7046
Email: rhilliard@upton–hatfield.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brooke Lois Lovett Shilo**
Upton & Hatfield LLP
10 Centre St
Concord, NH 03301
603 224–7791
Email: bshilo@uptonhatfield.com
*ATTORNEY TO BE NOTICED*

**Madeline Kate Matulis**
Upton & Hatfield LLP
10 Centre St
Concord, NH 03301
603–767–9270
Email: mmatulis@uptonhatfield.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Celia Leonard**                 represented by   **Russell F. Hilliard**
                                                  (See above for address)
                                                  *TERMINATED: 04/02/2025*
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Brian J.S. Cullen**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Brooke Lois Lovett Shilo**
                                                  (See above for address)
                                                  *TERMINATED: 04/02/2025*
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Carignan**             represented by   **Brian J.S. Cullen**
*TERMINATED: 03/13/2025*                          (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

                                                  **Jonathan M. Shirley**
                                                  (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Frank Lombardi**               represented by   **Brian J.S. Cullen**
*TERMINATED: 02/25/2025*                          (See above for address)
                                                  *ATTORNEY TO BE NOTICED*

Jonathan M. Shirley
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Inception Technologies, Inc.**
*TERMINATED: 03/10/2025*

represented by **Brian T. Corrigan**
Corrigan Law
122 Chestnut St
Andover, MA 01810
978–988–1544
Email: corriganlaw@gmail.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danilo Jose Gomez**
Law Office of Danilo J. Gomez
225 Broadway Suite 304
Methuen, MA 01844
978–655–7954
Fax: 978–655–7952
Email: djg@danilogomez.com
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Emmanuel Gonzalez**
Gonzalez Legal Offices
PO BOX 221
Lynn, MA 01903
781–346–4874
Fax: 781–318–5999
Email: gonzalezlegaloffices@gmail.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Raymond Feoli**
*TERMINATED: 03/10/2025*

represented by **Brian T. Corrigan**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Danilo Jose Gomez**
(See above for address)
*TERMINATED: 09/07/2023*
*ATTORNEY TO BE NOTICED*

**Emmanuel Gonzalez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**James Donchess**
*TERMINATED: 09/28/2023*

**Adam B. Pignatelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael A. Pignatelli**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/23/2022 | 1 | NEW CASE/ COMPLAINT with Jury Demand Filing fee $ 402, receipt number ANHDC–2284173 filed by Laurie Ortolano. (Attachments: # 1 Civil Cover Sheet Ortolano civil action cover sheet, # 2 Summons – Waiver, # 3 Summons – Waiver, # 4 Summons – Waiver, # 5 Summons – Waiver, # 6 Summons – Waiver, # 7 Summons – Waiver, # 8 Summons – Waiver, # 9 Summons – Waiver, # 10 Summons – Waiver, # 11 Summons – Waiver, # 12 Summons – Waiver)(Olson, Kurt) (Entered: 08/23/2022) |
| 08/23/2022 | | Case assigned to Chief Judge Landya B. McCafferty. The case designation is: 1:22–cv–326–LM. Please show this number with the judge designation on all future pleadings. (cmp) (Entered: 08/23/2022) |
| 08/23/2022 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (cmp) (Entered: 08/23/2022) |
| 08/24/2022 | 2 | Summons issued as to City of Nashua, NH, and Waiver(s) issued electronically as to Steven Bolton, Michael Carignan, James Donchess, Jonathan Duhamel, Raymond Feoli, John Griffin, Inception Technologies, Inc., Kimberly Kleiner, Celia Leonard, Frank Lombardi. **NOTICE: Counsel shall print and serve the summons(es) and waiver(s) and all attachments in accordance with Fed. R. Civ. P. 4.** (cmp) (Entered: 08/24/2022) |
| 09/12/2022 | 3 | NOTICE of Attorney Appearance by Brian J.S. Cullen on behalf of City of Nashua, NH Attorney Brian J.S. Cullen added to party City of Nashua, NH(pty:dft).(Cullen, Brian) (Entered: 09/12/2022) |
| 09/13/2022 | 4 | NOTICE of Attorney Appearance by Brian J.S. Cullen on behalf of Michael Carignan, Frank Lombardi Attorney Brian J.S. Cullen added to party Michael Carignan(pty:dft), Attorney Brian J.S. Cullen added to party Frank Lombardi(pty:dft).(Cullen, Brian) (Entered: 09/13/2022) |
| 09/21/2022 | 5 | NOTICE of Attorney Appearance by Adam B. Pignatelli on behalf of James Donchess, John Griffin *and Appearance of Michael Pignatelli o/b/o James Donchess and John Griffin* Attorney Adam B. Pignatelli added to party James Donchess(pty:dft), Attorney Adam B. Pignatelli added to party John Griffin(pty:dft). (Attachments: # 1 Notice ECF Appearance of MAP)(Pignatelli, Adam) (Entered: 09/21/2022) |
| 09/21/2022 | 6 | Assented to MOTION to Extend Time to File Responsive Pleadings filed by James Donchess, John Griffin.(Pignatelli, Adam) (Entered: 09/21/2022) |

| 09/22/2022 | 7 | NOTICE of Attorney Appearance by Russell F. Hilliard on behalf of Steven Bolton, Celia Leonard Attorney Russell F. Hilliard added to party Steven Bolton(pty:dft), Attorney Russell F. Hilliard added to party Celia Leonard(pty:dft).(Hilliard, Russell) (Entered: 09/22/2022) |
|---|---|---|
| 09/22/2022 | 8 | NOTICE of Attorney Appearance by Brooke Lois Lovett Shilo on behalf of Steven Bolton, Celia Leonard Attorney Brooke Lois Lovett Shilo added to party Steven Bolton(pty:dft), Attorney Brooke Lois Lovett Shilo added to party Celia Leonard(pty:dft).(Lovett Shilo, Brooke) (Entered: 09/22/2022) |
| 09/22/2022 | 9 | NOTICE of Attorney Appearance by Michael A. Pignatelli on behalf of James Donchess, John Griffin Attorney Michael A. Pignatelli added to party James Donchess(pty:dft), Attorney Michael A. Pignatelli added to party John Griffin(pty:dft).(Pignatelli, Michael) (Entered: 09/22/2022) |
| 09/22/2022 | 10 | NOTICE of Attorney Appearance by Dona Feeney on behalf of Kimberly Kleiner Attorney Dona Feeney added to party Kimberly Kleiner(pty:dft).(Feeney, Dona) (Entered: 09/22/2022) |
| 09/22/2022 | 11 | NOTICE of Attorney Appearance by Brian J.S. Cullen on behalf of Jonathan Duhamel Attorney Brian J.S. Cullen added to party Jonathan Duhamel(pty:dft).(Cullen, Brian) (Entered: 09/22/2022) |
| 09/29/2022 | | **ENDORSED ORDER granting 6 Motion to Extend.** *Text of Order: Motion to Extend Time is granted. For the reasons stated in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b).* **So Ordered by US Magistrate Judge Andrea K Johnstone. Answer Follow Up on 11/18/2022. (de)** (Entered: 09/29/2022) |
| 10/06/2022 | 12 | AFFIDAVIT of Service of Summons as to City of Nashua, NH filed by Laurie Ortolano. Served/Mailed on 9/6/2022. (Attachments: # 1 Exhibit 9 6 2022 Nashua Service)(Olson, Kurt) (Entered: 10/06/2022) |
| 10/07/2022 | 13 | WAIVER OF SERVICE Returned Executed as to Steven Bolton by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 14 | WAIVER OF SERVICE Returned Executed as to Michael Carignan by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 15 | WAIVER OF SERVICE Returned Executed as to James Donchess by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 16 | WAIVER OF SERVICE Returned Executed as to Raymond Feoli by Laurie Ortolano. (Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 17 | WAIVER OF SERVICE Returned Executed as to Jonathan Duhamel by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |

| | | |
|---|---|---|
| 10/07/2022 | 18 | WAIVER OF SERVICE Returned Executed as to John Griffin by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 19 | WAIVER OF SERVICE Returned Executed as to Inception Technologies, Inc. by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 20 | WAIVER OF SERVICE Returned Executed as to Kimberly Kleiner by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 21 | WAIVER OF SERVICE Returned Executed as to Celia Leonard by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 10/07/2022 | 22 | WAIVER OF SERVICE Returned Executed as to Frank Lombardi by Laurie Ortolano. Served/Mailed on 8/29/2022. Answer Follow Up on 10/31/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Olson, Kurt) (Entered: 10/07/2022) |
| 11/14/2022 | 23 | ANSWER to 1 Complaint – New Case, with jury demand filed by Michael Carignan.(Cullen, Brian) (Entered: 11/14/2022) |
| 11/14/2022 | 24 | ANSWER to 1 Complaint – New Case, with jury demand filed by Frank Lombardi.(Cullen, Brian) (Entered: 11/14/2022) |
| 11/15/2022 | 25 | ANSWER to 1 Complaint – New Case, with jury demand filed by Kimberly Kleiner.(Feeney, Dona) (Entered: 11/15/2022) |
| 11/15/2022 | 26 | ///NOTICE of Voluntary Dismissal as to Jonathan Duhamel by Laurie Ortolano(Olson, Kurt) (Entered: 11/15/2022) |
| 11/16/2022 | | **ENDORSED ORDER re: 26 Notice of Voluntary Dismissal as to Jonathan Duhamel.** *Text of Order: re: Reviewed.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 11/16/2022) |
| 11/16/2022 | 27 | ANSWER to 1 Complaint – New Case, with jury demand filed by James Donchess.(Pignatelli, Adam) (Entered: 11/16/2022) |
| 11/16/2022 | 28 | ANSWER to 1 Complaint – New Case, with jury demand filed by John Griffin.(Pignatelli, Adam) (Entered: 11/16/2022) |
| 11/18/2022 | 29 | Assented to MOTION to Extend Time to Answer to 11–23–2022 filed by City of Nashua, NH.(Cullen, Brian) (Entered: 11/18/2022) |
| 11/18/2022 | 30 | ANSWER to 1 Complaint – New Case, with jury demand filed by Steven Bolton, Celia Leonard.(Hilliard, Russell) (Entered: 11/18/2022) |
| 11/21/2022 | | **ENDORSED ORDER granting 29 Assented to MOTION to Extend Time to Answer to 11–23–2022.** *Text of Order: Motion to Extend Time to Answer is granted. For the reasons stated in the motion, the court finds good cause to extend the deadline for issuing the scheduling order pursuant to Fed. R. Civ. P. 16(b). So* |

| | | |
|---|---|---|
| | | **Ordered by US Magistrate Judge Andrea K Johnstone.(de)** (Entered: 11/21/2022) |
| 11/21/2022 | 31 | MOTION to Dismiss filed by Raymond Feoli, Inception Technologies, Inc.. Attorney Danilo Jose Gomez added to party Raymond Feoli(pty:dft), Attorney Danilo Jose Gomez added to party Inception Technologies, Inc.(pty:dft).Follow up on Objection on 12/5/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit))(Gomez, Danilo) (Entered: 11/21/2022) |
| 11/23/2022 | 32 | ANSWER to 1 Complaint – New Case, with jury demand filed by City of Nashua, NH.(Cullen, Brian) (Entered: 11/23/2022) |
| 11/29/2022 | | NOTICE OF PRETRIAL CONFERENCE. Pretrial Conference set for 2/6/2023 10:00 AM before US Magistrate Judge Andrea K Johnstone. Follow up on Discovery Plan 1/30/2023. Please note pursuant to Title 28 USC 636(c) and Local Rule 73.1, the parties may consent to have the case reassigned to the Magistrate Judge, but are free to withhold consent without adverse consequences.(kad) (Entered: 11/29/2022) |
| 12/05/2022 | 33 | OBJECTION to 31 MOTION to Dismiss filed by Laurie Ortolano. Follow up on Reply on 12/12/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Ortolano Memo Supporting Objection, # 2 Exhibit (Affidavit) Ortolano Affidavit with Exhibits)(Olson, Kurt) (Entered: 12/05/2022) |
| 12/09/2022 | 34 | Assented to MOTION to Amend 32 Answer to Complaint filed by City of Nashua, NH.(Cullen, Brian) (Entered: 12/09/2022) |
| 12/12/2022 | | **ENDORSED ORDER granting 34 Assented to Motion to Amend Answer.** *Text of Order: Granted.* **So Ordered by US Magistrate Judge Andrea K Johnstone. Amended Pleadings due by 12/14/2022.(de)** (Entered: 12/12/2022) |
| 12/16/2022 | 35 | *Amended* ANSWER to 1 Complaint – New Case, with jury demand filed by City of Nashua, NH.(Cullen, Brian) (Entered: 12/16/2022) |
| 12/16/2022 | 36 | MOTION for Judgment on the Pleadings filed by Michael Carignan.Follow up on Objection on 12/30/2022. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Cullen, Brian) (Entered: 12/16/2022) |
| 12/30/2022 | 37 | REPLACED. SEE DOCUMENT 39 . OBJECTION to 36 MOTION for Judgment on the Pleadings filed by Laurie Ortolano. Follow up on Reply on 1/6/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memo in Support of Motion, # 2 Exhibit Affidavit with Exhibits)(Olson, Kurt) Modified on 1/6/2023 to add: REPLACED. SEE DOCUMENT 39 (de). (Entered: 12/30/2022) |
| 01/03/2023 | 38 | Assented to MOTION for Brian Thomas Corrigan to Appear Pro Hac Vice *Brian Thomas Corrigan* (Filing fee $ 100, Receipt # ANHDC–2328757.) filed by Raymond Feoli, Inception Technologies, Inc.. (Attachments: # 1 Exhibit (Affidavit), # 2 Cert. of Good Standing, # 3 Certificate of Service)(Gomez, Danilo) (Entered: 01/03/2023) |
| 01/03/2023 | 39 | OBJECTION to 36 MOTION for Judgment on the Pleadings *Replaces document 37* filed by Laurie Ortolano. Follow up on Reply on 1/10/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law LO's Memorandum Supporting Objection, # 2 Exhibit (Affidavit) LO's Affidavit Supporting Objection)(Olson, Kurt) |

| | | |
|---|---|---|
| | | (Entered: 01/03/2023) |
| 01/05/2023 | 40 | Assented to MOTION for Peter Malaguti to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC−2330112.) filed by Laurie Ortolano. (Attachments: # 1 Exhibit (Affidavit) Malaguti Affidavit Supporting PHV)(Olson, Kurt) (Entered: 01/05/2023) |
| 01/06/2023 | | **ENDORSED ORDER granting 40 Assented to Motion for Peter Malaguti to Appear Pro Hac Vice.** *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* **So Ordered by US Magistrate Judge Andrea K Johnstone.** The clerks office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e−filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(de) (Entered: 01/06/2023) |
| 01/06/2023 | 41 | Assented to MOTION to Extend Time to file Reply *to Objection to Motion for Judgment on the Pleadings* filed by Michael Carignan.(Cullen, Brian) (Entered: 01/06/2023) |
| 01/06/2023 | | **ENDORSED ORDER granting 38 Assented to Motion for Brian Thomas Corrigan to Appear Pro Hac Vice.** *Text of Order: Granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court.* **So Ordered by US Magistrate Judge Andrea K Johnstone.** The clerks office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e−filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(de) (Entered: 01/06/2023) |
| 01/11/2023 | 42 | MOTION for Judgment on the Pleadings filed by James Donchess, John Griffin.Follow up on Objection on 1/25/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit, # 3 Motion in Support of Motion for Judgment on the Pleadings)(Pignatelli, Adam) (Entered: 01/11/2023) |
| 01/11/2023 | 43 | REPLY to Objection to Motion re 36 MOTION for Judgment on the Pleadings filed by Michael Carignan. Surreply due by 1/17/2023. (Cullen, Brian) (Entered: 01/11/2023) |
| 01/12/2023 | 44 | NOTICE of Attorney Appearance by Danilo Jose Gomez on behalf of Raymond Feoli, Inception Technologies, Inc. (Attachments: # 1 Appearance of Brian Corrigan)(Gomez, Danilo) (Entered: 01/12/2023) |
| 01/12/2023 | | NOTICE of ECF Filing Error re: 44 Notice of Attorney Appearance filed by Raymond Feoli, Inception Technologies, Inc. ATTORNEY BRIAN CORRIGAN HAS NOT PROPERLY FILED AN APPEARANCE IN THIS CASE AND WILL NOT APPEAR ON THE DOCKET AND WILL NOT RECEIVE ELECTRONIC NOTIFICATIONS. ATTORNEY CORRIGAN MUST REFILE HIS APPEARANCE |

| | | |
|---|---|---|
| | | USING HIS OWN FILING ACCOUNT TO APPEAR ON THE DOCKET. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1623.Compliance Deadline set for 1/19/2023.(de) (Entered: 01/12/2023) |
| 01/13/2023 | 45 | NOTICE of Attorney Appearance by Brian T. Corrigan on behalf of Raymond Feoli, Inception Technologies, Inc. Attorney Brian T. Corrigan added to party Raymond Feoli(pty:dft), Attorney Brian T. Corrigan added to party Inception Technologies, Inc.(pty:dft).(Corrigan, Brian) (Entered: 01/13/2023) |
| 01/18/2023 | | **ENDORSED ORDER granting 41 Assented to Motion to Extend Time. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 01/18/2023) |
| 01/23/2023 | 46 | Assented to MOTION to Extend Time to Object/Respond to 42 MOTION for Judgment on the Pleadings to 2/6/2023 filed by Laurie Ortolano.(Olson, Kurt) (Entered: 01/23/2023) |
| 01/23/2023 | | **ENDORSED ORDER granting 46 Assented to Motion to Extend Time to Object/Respond re 42 Motion for Judgment on the Pleadings. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.Follow up on Objection on 2/6/2023. (de)** (Entered: 01/23/2023) |
| 01/30/2023 | 47 | Proposed Discovery Plan *Joint* filed by James Donchess, John Griffin. (Pignatelli, Adam) (Entered: 01/30/2023) |
| 02/02/2023 | 49 | **ORDER approving with modification 47 Discovery Plan. Length of Trial 7 – 10 days. Case Track: Standard. So Ordered by US Magistrate Judge Andrea K Johnstone. Dispositive Motion Filing Deadline 5/1/2023. Joint Statement regarding the status of discovery due by 11/3/2023. Mediation Follow Up on 2/21/2024. Summary Judgment Motions due by 1/20/2024.(de)** (Entered: 02/09/2023) |
| 02/03/2023 | | Deadline terminated: Pretrial Conference 02/06/2023 cancelled. Order to issue. (de) (Entered: 02/03/2023) |
| 02/06/2023 | 48 | OBJECTION to 42 MOTION for Judgment on the Pleadings filed by Laurie Ortolano. Follow up on Reply on 2/13/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memo Supporting Objection)(Olson, Kurt) (Entered: 02/06/2023) |
| 02/09/2023 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 5/21/2024 at 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for 5/2/2024 at 10:00 AM before Chief Judge Landya B. McCafferty. Pretrial Statements due 4/11/2024. LR 16.2(d) Objections due 4/25/2024. JERS Statement due 5/2/2024.(de) (Entered: 02/09/2023) |
| 02/13/2023 | 50 | Assented to MOTION to Extend Time to Reply to February 17, 2023 filed by James Donchess, John Griffin.(Pignatelli, Adam) Modified on 2/14/2023 to correct from Answer to Reply (de). (Entered: 02/13/2023) |
| 02/14/2023 | | **ENDORSED ORDER granting 50 Assented to Motion to Extend Time to Reply to February 17, 2023 . *Text of Order: Granted.* So Ordered by US Magistrate Judge Andrea K Johnstone.(de)** (Entered: 02/14/2023) |

| | | |
|---|---|---|
| 02/17/2023 | 51 | REPLY to Objection to Motion re 42 MOTION for Judgment on the Pleadings filed by James Donchess, John Griffin. Surreply due by 2/22/2023. (Pignatelli, Adam) (Entered: 02/17/2023) |
| 02/24/2023 | 52 | MOTION for Judgment on the Pleadings filed by Steven Bolton, Celia Leonard.Follow up on Objection on 3/10/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Hilliard, Russell) (Entered: 02/24/2023) |
| 03/05/2023 | 53 | Assented to MOTION to Extend Time to Object/Respond to 3/24/2023 filed by Laurie Ortolano.(Olson, Kurt) (Entered: 03/05/2023) |
| 03/08/2023 | | **ENDORSED ORDER granting 53 Motion to Extend Time to Object/Respond to 52 Motion for Judgment on the Pleadings. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty. Follow up on Objection on 3/24/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(gla) (Entered: 03/08/2023)** |
| 03/24/2023 | 54 | OBJECTION to 52 MOTION for Judgment on the Pleadings filed by Laurie Ortolano. Follow up on Reply on 3/31/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Memorandum in Support of Objection)(Olson, Kurt) (Entered: 03/24/2023) |
| 03/30/2023 | 55 | Assented to MOTION to Extend Time to Object/Respond to 54 Objection to Motion, to 04/14/2023 filed by Steven Bolton, Celia Leonard.(Hilliard, Russell) (Entered: 03/30/2023) |
| 03/31/2023 | | **ENDORSED ORDER granting 55 Motion to Extend Time to Object/Respond to 54 Objection to Motion. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty. Follow up on Reply on 4/14/2023. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(gla) (Entered: 03/31/2023)** |
| 04/14/2023 | 56 | REPLY to Objection to Motion re 52 MOTION for Judgment on the Pleadings filed by Steven Bolton, Celia Leonard. Surreply due by 4/19/2023. (Hilliard, Russell) (Entered: 04/14/2023) |
| 06/12/2023 | 57 | **///ORDER granting in part and denying in part 31 Motion to Dismiss. Motion is granted as to Count 10 (IIED) and denied as to Count 8 (defamation). So Ordered by Chief Judge Landya B. McCafferty. (gla) (Entered: 06/12/2023)** |
| 06/28/2023 | 58 | **ORDER granting in part and denying in part 36 Motion for Judgment on the Pleadings. The motion is denied as to Counts 1 and 2 (First Amendment), but only insofar as those counts relate to Ortolano's claim of retaliatory arrest. The motion is otherwise granted. So Ordered by Chief Judge Landya B. McCafferty. (gla) (Entered: 06/28/2023)** |
| 09/07/2023 | 64 | NOTICE of Attorney Withdrawal by Danilo Gomez.(de) (Entered: 10/25/2023) |
| 09/18/2023 | 59 | Assented to MOTION to Continue and Extend Deadlines all current deadlines *pending rulings on Rule 12 Motions* filed by City of Nashua, NH.(Cullen, Brian) (Entered: 09/18/2023) |
| 09/26/2023 | 60 | **///ORDER granting in part and denying in part 52 Motion for Judgment on the Pleadings. The motion is denied as to Counts 1 and 2 (First Amendment), insofar** |

| | | |
|---|---|---|
| | | as those counts relate to Ortolano's claim of retaliation; the motion is otherwise granted. So Ordered by Chief Judge Landya B. McCafferty. (gla) (Entered: 09/26/2023) |
| 09/28/2023 | 61 | ///ORDER granting 42 Motion for Judgment on the Pleadings; denying without prejudice 59 Motion to Continue and Extend Deadlines. So Ordered by Chief Judge Landya B. McCafferty. (gla) (Entered: 09/28/2023) |
| 10/11/2023 | 62 | NOTICE of Attorney Appearance by David Betancourt on behalf of Kimberly Kleiner Attorney David Betancourt added to party Kimberly Kleiner(pty:dft).(Betancourt, David) (Entered: 10/11/2023) |
| 10/20/2023 | 63 | ///STIPULATION of Dismissal as to Counts 3, 4, 5, 6, 9, & 10 by Laurie Ortolano(Olson, Kurt) (Entered: 10/20/2023) |
| 10/25/2023 | | ENDORSED ORDER re: 63 Stipulation of Dismissal as to Counts 3, 4, 5, 6, 9, & 10. Text of Order: Reviewed. So Ordered by Chief Judge Landya B. McCafferty.(de) (Entered: 10/25/2023) |
| 10/25/2023 | | ENDORSED ORDER. Text of Order: Attorney Gomez, representing defendants Inception Technologies and Raymond Feoli, submitted his notice of withdrawal from this case (doc. no. 64). In light of this notice, Attorney Corrigan must have different local counsel file a pro hac vice motion in accordance with Local Rules 3.7 and 83.2(b). So Ordered by Chief Judge Landya B. McCafferty.(de) (Entered: 10/25/2023) |
| 10/25/2023 | 65 | Joint Assented to MOTION to Continue and Extend Deadlines Deadlines filed by Laurie Ortolano. (Attachments: # 1 Exhibit Proposed Schedule for Deadlines)(Olson, Kurt) (Entered: 10/25/2023) |
| 11/07/2023 | | ENDORSED ORDER granting 65 Motion to Continue and Extend Deadlines. Text of Order: Granted with the following modifications: the plaintiff's deadline for joinder of additional parties and plaintiffs amendment of pleadings deadline shall be January 1, 2024. So Ordered by US Magistrate Judge Andrea K Johnstone.(vln) (Entered: 11/08/2023) |
| 11/08/2023 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 10/16/2024 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for 10/2/2024 10:00 AM before Chief Judge Landya B. McCafferty. Pretrial Statements due 9/11/2024. LR 16.2(d) Objections due 9/25/2024. Summary Judgment Motions due by 5/15/2024.(vln) (Entered: 11/08/2023) |
| 01/02/2024 | | ENDORSED ORDER. Text of Order: Attorney Corrigan has not complied with the court's order dated October 25, 2023. On or before January 16, 2024, Attorney Corrigan shall submit a filing showing cause as to why he should not be held in contempt for violating the court's order. So Ordered by Chief Judge Landya B. McCafferty.(de) (Entered: 01/02/2024) |
| 01/10/2024 | 66 | NOTICE of Attorney Appearance by Emmanuel Gonzalez on behalf of Emmanuel Gonzalez Attorney Emmanuel Gonzalez added to party Emmanuel Gonzalez(pty:dft).(Gonzalez, Emmanuel) (Entered: 01/10/2024) |
| 01/10/2024 | 67 | NOTICE of Attorney Appearance by Emmanuel Gonzalez on behalf of Raymond Feoli, Inception Technologies, Inc. Attorney Emmanuel Gonzalez added to party Raymond Feoli(pty:dft), Attorney Emmanuel Gonzalez added to party Inception Technologies, Inc.(pty:dft).(Gonzalez, Emmanuel) (Entered: 01/10/2024) |

| | | |
|---|---|---|
| 01/16/2024 | 68 | MOTION for Brian Corrigan to Appear Pro Hac Vice (Filing fee $ 100, Receipt # ANHDC–2466118.) filed by Emmanuel Gonzalez.Follow up on Objection on 1/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Gonzalez, Emmanuel) (Entered: 01/16/2024) |
| 01/16/2024 | 69 | RESPONSE to Order, filed by Inception Technologies, Inc.. (Gonzalez, Emmanuel) (Entered: 01/16/2024) |
| 01/22/2024 | | **ENDORSED ORDER granting 68 Motion for Brian Corrigan to Appear Pro Hac Vice.** *Text of Order: Doc. no. 68 is granted. Local counsel shall comply with all obligations required by L.R. 83.2(b) absent order of the court. With respect to doc. no. 69, the court finds that Attorney Corrigan has made a sufficient showing of cause as to why he should not be held in contempt for violating this court's order dated October 25, 2023.* **So Ordered by Chief Judge Landya B. McCafferty.** The clerks office will provide the admitted attorney with instructions on how to obtain access to electronic filing by separate email. The admitted attorney must have an individual upgraded PACER account, not a shared firm account, to electronically file in the District of New Hampshire. After obtaining e–filing access, the admitted attorney must file an appearance to begin receiving electronic notices.(gla) (Entered: 01/22/2024) |
| 03/05/2024 | 70 | STATUS REPORT by Laurie Ortolano : Ongoing(Olson, Kurt) (Entered: 03/05/2024) |
| 04/01/2024 | 71 | MOTION for Summary Judgment filed by Steven Bolton, Celia Leonard.Follow up on Objection on 5/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit) A. Bolton Affidavit, # 3 Attachment to Exhibit A–1 Ortolano Email, # 4 Attachment to Exhibit A–2 GoodGov Post, # 5 Attachment to Exhibit A–3 GraniteGrok Post, # 6 Attachment to Exhibit A–4 Ortolano Email, # 7 Attachment to Exhibit A–5 BOA Minutes 7–18–22, # 8 Attachment to Exhibit A–6 Finance Committee Report 7–20–22, # 9 Attachment to Exhibit A–7 PEDC Minutes 8–16–22, # 10 Attachment to Exhibit A–8 Finance Committee Report 8–17–22, # 11 Attachment to Exhibit A–9 PEDC Minutes 10–22–22, # 12 Attachment to Exhibit A–10 Leonard Ltr to Plf 3–4–24, # 13 Exhibit (Affidavit) B. Leonard Affidavit, # 14 Attachment to Exhibit B–1 Ortolano Email to Leonard, # 15 Attachment to Exhibit B–2 Ortolano Email to Vincent, # 16 Exhibit (Affidavit) C. Lloyd Affidavit, # 17 Exhibit (Affidavit) D. Carignan Affidavit)(Hilliard, Russell) (Entered: 04/01/2024) |
| 04/01/2024 | 72 | Exhibit *M.Lloyd Affidavit REPLACES DOC 71–16* to 71 MOTION for Summary Judgment by Steven Bolton, Celia Leonard.(Hilliard, Russell) Modified on 4/14/2024 to: M. Lloyd (de). (Entered: 04/01/2024) |
| 04/05/2024 | 73 | Joint Assented to MOTION to Continue and Extend Deadlines Extend Discovery and Motion Deadlines Only filed by Michael Carignan, City of Nashua, NH, Frank Lombardi.(Cullen, Brian) (Entered: 04/05/2024) |
| 04/10/2024 | | **ENDORSED ORDER granting 73 Motion to Continue and Extend Deadlines.** *Text of Order: Granted.* **So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 04/10/2024) |
| 04/22/2024 | 74 | |

| | | |
|---|---|---|
| | | NOTICE of Attorney Appearance by Jonathan M. Shirley on behalf of Michael Carignan, City of Nashua, NH, Frank Lombardi Attorney Jonathan M. Shirley added to party Michael Carignan(pty:dft), Attorney Jonathan M. Shirley added to party City of Nashua, NH(pty:dft), Attorney Jonathan M. Shirley added to party Frank Lombardi(pty:dft).(Shirley, Jonathan) (Entered: 04/22/2024) |
| 05/01/2024 | 75 | OBJECTION to 71 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 5/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Pl. Memo Opppsing, # 2 Exhibit (Affidavit) LO Affidavit, # 3 Exhibit Donchess 5/23/22 memo, # 4 Exhibit 4/1/2019 Assessing Staff Meeting, # 5 Exhibit 7/3/2023 Sup. Ct. Orde, # 6 Exhibit 1/22/2021 Nashua PD Report, # 7 Exhibit 6/24/2022 Conditional Discharge, # 8 Exhibit 12/15/2021 Hearing Transcript, # 9 Exhibit 8/1/2022 Nashua PD Incident Report, # 10 Exhibit March 27 Nashua Scoop Article, # 11 Exhibit May 8 Nashua Scoop Article, # 12 Exhibit June 21 Nashua Scoop Article, # 13 Exhibit 7/17/2019 Nashua PD Report, # 14 Exhibit 9/17/2019 Nashua PD Report, # 15 Exhibit 10/2/2018 Ortolano Letter to Nashua, # 16 Exhibit 7/29/2020 Ortolano Depo, # 17 Exhibit 10/15/2019 Nashua PD Report, # 18 Exhibit (Affidavit) Laura C. Affidavit)(Olson, Kurt) (Entered: 05/01/2024) |
| 05/02/2024 | 76 | Exhibit $A-5$ to 75 Objection to Motion,,,, by Laurie Ortolano.(Olson, Kurt) (Entered: 05/02/2024) |
| 05/08/2024 | 77 | MOTION to Strike 75 Objection to Motion,,,, filed by Steven Bolton, Celia Leonard.Follow up on Objection on 5/22/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A.Annotated Plaintiff's Ex A)(Hilliard, Russell) (Entered: 05/08/2024) |
| 05/08/2024 | 78 | REPLY to Objection to Motion re 71 MOTION for Summary Judgment filed by Steven Bolton, Celia Leonard. Surreply due by 5/13/2024. (Attachments: # 1 Exhibit A.Bolton 021−22 Photos)(Hilliard, Russell) (Entered: 05/08/2024) |
| 05/08/2024 | 79 | MOTION Supplement Record filed by Steven Bolton, Celia Leonard.Follow up on Objection on 5/22/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit 1. Corrected EX A−10)(Hilliard, Russell) (Entered: 05/08/2024) |
| 05/10/2024 | 80 | NOTICE of Attorney Appearance by William E. Aivalikles on behalf of Laurie Ortolano Attorney William E. Aivalikles added to party Laurie Ortolano(pty:pla).(Aivalikles, William) (Entered: 05/10/2024) |
| 05/13/2024 | 81 | SURREPLY to Reply to 71 MOTION for Summary Judgment filed by Laurie Ortolano. (Olson, Kurt) Modified on 5/15/2024 to correct to: Surreply to Motion for SJ (de). (Entered: 05/13/2024) |
| 05/22/2024 | 82 | OBJECTION to 77 MOTION to Strike 75 Objection to Motion,,,, filed by Laurie Ortolano. Follow up on Reply on 5/29/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Pl. Memo Supporting Objection)(Olson, Kurt) (Entered: 05/22/2024) |
| 05/29/2024 | 83 | MOTION for Leave to File Reply to Plaintiff's Objection to Motion to Strike filed by Steven Bolton, Celia Leonard.Follow up on Objection on 6/12/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) |

| | | |
|---|---|---|
| | | and FRCrP 45(c). (Attachments: # 1 Exhibit Reply to Plaintiff's Objection to the Motion to Strike)(Hilliard, Russell) (Entered: 05/29/2024) |
| 05/29/2024 | 84 | MOTION for Summary Judgment filed by Frank Lombardi.Follow up on Objection on 6/28/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit 1 – Plaintiff's depo excerpts, # 3 Exhibit (Affidavit) 2 – Caron Affidavit, # 4 Exhibit A – Caron Aff. – Transcribed Public Comments, # 5 Exhibit B – Caron Aff. – Freyler Investigations Report Full, # 6 Exhibit 3 – Carignan depo excerpts, # 7 Exhibit 4 – Lombardi Affidavit, # 8 Exhibit 5 – Lombardi depo excerpts, # 9 Exhibit 6 – Order on Pl's Motion to Correct Record – RTK)(Cullen, Brian) (Entered: 05/29/2024) |
| 05/30/2024 | 85 | Assented to MOTION to Exceed Page Limit for Memo of Law filed by Kimberly Kleiner.(Feeney, Dona) (Entered: 05/30/2024) |
| 05/30/2024 | 86 | MOTION for Summary Judgment filed by Kimberly Kleiner.Follow up on Objection on 7/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit) Declaration of Dona Feeney, # 3 Exhibit Feoli Deposition, # 4 Exhibit Kleiner Deposition, # 5 Exhibit Ortolano Deposition, # 6 Exhibit (Affidavit) Affidavit of Kleiner)(Feeney, Dona) (Entered: 05/30/2024) |
| 05/30/2024 | 87 | MOTION for Summary Judgment filed by Michael Carignan.Follow up on Objection on 7/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit 1 – Plaintiff's depo excerpts, # 3 Exhibit (Affidavit) 2 – Caron Affidavit, # 4 Exhibit A – Caron Aff. – Transcribed Public Comments, # 5 Exhibit B – Caron Aff. – Freyler Investigations Report Full, # 6 Exhibit 3 – Carignan depo excerpts, # 7 Exhibit (Affidavit) 4 – Carignan Affidavit – MSJ, # 8 Exhibit 5 – Order on Pl's Motion to Correct Record – RTK)(Cullen, Brian) (Entered: 05/30/2024) |
| 05/31/2024 | 88 | MOTION for Summary Judgment filed by City of Nashua, NH.Follow up on Objection on 7/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit 1 – Plaintiff depo excerpts, # 3 Exhibit (Affidavit) 2 – Caron Affidavit, # 4 Exhibit A – Caron Aff. – Transcribed Public Comments, # 5 Exhibit B – Caron Aff. – Freyler Investigations Report Full, # 6 Exhibit 3 – Carignan depo excerpts, # 7 Exhibit 4 – Lombardi depo excerpts, # 8 Exhibit 5 – Order on Pl's Motion to Correct Record – RTK)(Cullen, Brian) (Entered: 05/31/2024) |
| 05/31/2024 | | **ENDORSED ORDER granting 85 Assented to Motion to Exceed Page Limit for Memo of Law.** *Text of Order: Granted.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 05/31/2024) |
| 05/31/2024 | | **ENDORSED ORDER granting 83 Motion for Leave to File Reply.** *Text of Order: Granted. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 05/31/2024) |
| 05/31/2024 | 89 | REPLY to Objection to Motion re 77 MOTION to Strike 75 Objection to Motion,,,, *Bolton and Leonard's Reply to Plaintiff's Objection to their Motion to Strike Plaintiff's Objection to their Motion for Summary Judgment* filed by Steven Bolton, Celia Leonard. Surreply due by 6/5/2024. (Hilliard, Russell) (Entered: 05/31/2024) |

| 05/31/2024 | | ENDORSED ORDER granting 79 Motion to Supplement Record. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de) (Entered: 05/31/2024) |
|---|---|---|
| 05/31/2024 | 90 | MOTION for Summary Judgment filed by Raymond Feoli, Inception Technologies, Inc..Follow up on Objection on 7/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Corrigan, Brian) (Entered: 05/31/2024) |
| 05/31/2024 | 91 | MOTION for Summary Judgment filed by Raymond Feoli, Inception Technologies, Inc..Follow up on Objection on 7/1/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit))(Corrigan, Brian) (Entered: 05/31/2024) |
| 06/05/2024 | 92 | SURREPLY to Reply to 77 MOTION to Strike 75 Objection to Motion,,,, filed by Laurie Ortolano. (Olson, Kurt) (Entered: 06/05/2024) |
| 06/05/2024 | 93 | MOTION for Leave to File Substituted Memo filed by Laurie Ortolano.Follow up on Objection on 6/20/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Substituted Memorandum of Law)(Olson, Kurt) (Entered: 06/05/2024) |
| 06/07/2024 | 94 | MOTION for Default as to Feoli and Inception Technologies filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 6/21/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 06/07/2024) |
| 06/07/2024 | | Motion terminated: 90 MOTION for Summary Judgment filed by Raymond Feoli, Inception Technologies, Inc. – – REFILED BY COUNSEL, SEE DOCUMENT 91 . (de) (Entered: 06/07/2024) |
| 06/11/2024 | 95 | ANSWER to 1 Complaint – New Case, with jury demand filed by Raymond Feoli, Inception Technologies, Inc..(Corrigan, Brian) (Entered: 06/11/2024) |
| 06/18/2024 | 96 | OBJECTION to 94 MOTION for Default as to Feoli and Inception Technologies filed by Raymond Feoli, Inception Technologies, Inc.. Follow up on Reply on 6/25/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit (Affidavit))(Corrigan, Brian) (Entered: 06/18/2024) |
| 06/18/2024 | 97 | OBJECTION to 93 MOTION for Leave to File Substituted Memo filed by Steven Bolton, Celia Leonard. Follow up on Reply on 6/25/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Hilliard, Russell) (Entered: 06/18/2024) |
| 06/25/2024 | 98 | MOTION to Strike filed by Laurie Ortolano.Follow up on Objection on 7/9/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law)(Aivalikles, William) (Entered: 06/25/2024) |
| 06/28/2024 | 99 | OBJECTION to 84 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/5/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Olson, Kurt) (Entered: 06/28/2024) |

| 07/01/2024 | 100 | Exhibit to 99 Objection to Motion, by Laurie Ortolano. (Attachments: # 1 Exhibit (Affidavit) Laurie Ortolano Affidavit, # 2 Attachment to Exhibit Exhibit to LO Affidavit, # 3 Exhibit Nashua PD Documents, # 4 Exhibit Lombardi Deposition)(Olson, Kurt) (Entered: 07/01/2024) |
|---|---|---|
| 07/01/2024 | 101 | MEMORANDUM in Opposition re 91 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit (Affidavit), # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Aivalikles, William) (Entered: 07/01/2024) |
| 07/01/2024 | 102 | OBJECTION to 86 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit (Affidavit), # 3 Proposed Order, # 4 Exhibit Kleiner Affidavit, # 5 Exhibit Nashua Order, # 6 Exhibit NHAAO & DRE Sanction, # 7 Exhibit Management Audit Report, # 8 Exhibit OPPLC Certification, # 9 Exhibit Staff Meeting Notes, # 10 Exhibit Nashua Charter, # 11 Exhibit Superior Court Transcript, # 12 Exhibit Nashua Police Report, # 13 Exhibit Court Order, # 14 Exhibit Assessing Emails, # 15 Exhibit Kleiner Deposition, # 16 Exhibit Feoli Deposition)(Aivalikles, William) (Entered: 07/01/2024) |
| 07/01/2024 | 103 | OBJECTION to 91 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Ortolano email to Vincent, # 2 Exhibit Feoli Email, # 3 Exhibit Agenda BOA Meeting, # 4 Exhibit BOA Meeting Minutes, # 5 Exhibit Feoli Police Report, # 6 Exhibit Feoli Social Media Posts, # 7 Exhibit Nashua Charter Records, # 8 Exhibit September 20 2019 Warning, # 9 Exhibit Ortolano Deposition, # 10 Exhibit Feoli Deposition)(Aivalikles, William) (Entered: 07/01/2024) |
| 07/01/2024 | 104 | MEMORANDUM in Opposition re 87 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Carignan Deposition Pages, # 2 Attachment to Exhibit Nashua PD Call, # 3 Exhibit (Affidavit) Laura Coloquhoun Affidavit, # 4 Exhibit Nashua PD Documents, # 5 Exhibit Celia Leonard Dep. Pages, # 6 Exhibit Steve Bolton Dep. Pages)(Olson, Kurt) (Entered: 07/01/2024) |
| 07/01/2024 | 105 | MEMORANDUM in Opposition re 88 MOTION for Summary Judgment filed by Laurie Ortolano. Follow up on Reply on 7/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Deposition Tr. – James Donchess)(Olson, Kurt) (Entered: 07/01/2024) |
| 07/02/2024 | 106 | Assented to MOTION to Extend Time to File Reply to Objection *for Summary Judgment* filed by Kimberly Kleiner.(Feeney, Dona) (Entered: 07/02/2024) |
| 07/02/2024 | 107 | Assented to MOTION to Extend Time to Object/Respond to 102 Objection to Motion,,, to July 11, 2024 *Replaces Doc 106* filed by Kimberly Kleiner.(Feeney, Dona) (Entered: 07/02/2024) |
| 07/03/2024 | 108 | Assented to MOTION to Extend Time to File Replies to Objections to Motions for Summary Judgment filed by Michael Carignan, City of Nashua, NH, Frank Lombardi.(Cullen, Brian) (Entered: 07/03/2024) |

| | | |
|---|---|---|
| 07/08/2024 | 109 | OBJECTION to 98 MOTION to Strike filed by Raymond Feoli, Inception Technologies, Inc.. Follow up on Reply on 7/15/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Corrigan, Brian) (Entered: 07/08/2024) |
| 07/08/2024 | 110 | REPLY to Objection to Motion re 84 MOTION for Summary Judgment filed by Frank Lombardi. Surreply due by 7/15/2024. (Cullen, Brian) (Entered: 07/08/2024) |
| 07/09/2024 | 111 | REPLY to Objection to Motion re 86 MOTION for Summary Judgment filed by Kimberly Kleiner. Surreply due by 7/15/2024. (Attachments: # 1 Exhibit (Affidavit) Supp Decl Feeney w Ex. C)(Feeney, Dona) (Entered: 07/09/2024) |
| 07/11/2024 | 112 | REPLY to Objection to Motion re 88 MOTION for Summary Judgment filed by City of Nashua, NH. Surreply due by 7/16/2024. (Cullen, Brian) (Entered: 07/11/2024) |
| 07/11/2024 | 113 | REPLY to Objection to Motion re 87 MOTION for Summary Judgment filed by Michael Carignan. Surreply due by 7/16/2024. (Cullen, Brian) (Entered: 07/11/2024) |
| 07/15/2024 | 114 | SURREPLY to Reply to 86 MOTION for Summary Judgment filed by Laurie Ortolano. (Attachments: # 1 Exhibit (Affidavit) Supp. Affidavit, # 2 Exhibit Nashua PD Reports, # 3 Exhibit Dec. 15, 2021 Transcript, # 4 Exhibit BOA Meeting Notes)(Aivalikles, William) (Entered: 07/15/2024) |
| 07/15/2024 | 115 | SURREPLY to Reply to 84 MOTION for Summary Judgment filed by Laurie Ortolano. (Olson, Kurt) (Entered: 07/15/2024) |
| 07/16/2024 | 116 | SURREPLY to Reply to 87 MOTION for Summary Judgment filed by Laurie Ortolano. (Olson, Kurt) (Entered: 07/16/2024) |
| 07/16/2024 | 117 | SURREPLY to Reply to 88 MOTION for Summary Judgment filed by Laurie Ortolano. (Olson, Kurt) (Entered: 07/16/2024) |
| 07/17/2024 | 118 | SURREPLY to Reply to 86 MOTION for Summary Judgment *and Motion to Substitute Surreply* filed by Laurie Ortolano. (Attachments: # 1 Memorandum of Law Surreply)(Aivalikles, William) (Entered: 07/17/2024) |
| 07/18/2024 | | **ENDORSED ORDER granting 107 Assented to Motion to Extend Time to Object/Respond to July 11, 2024. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 07/18/2024) |
| 07/18/2024 | | **ENDORSED ORDER granting 108 Assented to Motion to Extend Time to File Replies to Objections to Motions for Summary Judgment. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 07/18/2024) |
| 09/04/2024 | 119 | Joint Assented to MOTION to Continue and Extend Deadlines Suspend Pretrial Filing Deadline and Continue Pretrial Conference and Trial as Needed filed by Michael Carignan, City of Nashua, NH, Frank Lombardi.(Cullen, Brian) (Entered: 09/04/2024) |
| 09/09/2024 | | **ENDORSED ORDER granting 119 Joint Assented to Motion to Continue and Extend Trial Deadlines / Trial. Trial continued as proposed by counsel. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 09/09/2024) |
| 09/09/2024 | | TRIAL NOTICE: Pretrial Statements due 3/13/2025. LR 16.2(d) Objections due 3/27/2025. Jury Selection/Trial set for two week period beginning 4/15/2025 at 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for |

| | | |
|---|---|---|
| | | 4/3/2025 at 03:00 PM before Chief Judge Landya B. McCafferty. (de) (Entered: 09/09/2024) |
| 09/25/2024 | 120 | MOTION to Compel Discovery Deposition *of John Griffin* filed by Laurie Ortolano.Follow up on Objection on 10/9/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 09/25/2024) |
| 10/23/2024 | | **ENDORSED ORDER denying 120 Motion to Compel.** *Text of Order: Plaintiff's Motion to Compel (120) is denied. The Motion fails to satisfy the requirements of Fed. R. Civ. P. 37, as it does not allege that the defendants have failed to make a required disclosure, response, answer, or document production. According to plaintiff's Motion, filed on September 25, 2024, discovery closed on May 15, 2024, and it was during a deposition on May 9, 2024, that plaintiff realized the need for Mr. Griffin's deposition. Discovery was neither extended nor re−opened by the parties joint Motion to Extend Deadlines (119), filed on September 4, 2024. Moreover, given that the putative deponent was originally a defendant in this action, the need for his testimony is unlikely to have been a surprise to the plaintiff. This denial is without prejudice to plaintiff's ability to move to re−open discovery and provide a more detailed explanation for the delay in seeking such relief.* **So Ordered by US Magistrate Judge Andrea K Johnstone.(de)** (Entered: 10/23/2024) |
| 10/25/2024 | 121 | MOTION to Compel Production of Audio/Visual Files of Police Interviews filed by Laurie Ortolano.Follow up on Objection on 11/8/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Plaintiff's Memorandum of Law, # 2 Exhibit (Affidavit) Affidavit of Atty Olson)(Aivalikles, William) (Entered: 10/25/2024) |
| 10/30/2024 | 122 | Assented to MOTION for Kurt Olson to Withdraw as Attorney filed by Laurie Ortolano.(Olson, Kurt) (Entered: 10/30/2024) |
| 11/04/2024 | 123 | OBJECTION to 121 MOTION to Compel Production of Audio/Visual Files of Police Interviews filed by City of Nashua, NH. Follow up on Reply on 11/12/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 11/04/2024) |
| 11/05/2024 | | **ENDORSED ORDER granting 122 Assented to Motion for Kurt Olson to Withdraw as Attorney.** *Text of Order: Granted.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 11/05/2024) |
| 11/06/2024 | 124 | REPLY to Objection to Motion re 121 MOTION to Compel Production of Audio/Visual Files of Police Interviews filed by Laurie Ortolano. Surreply due by 11/12/2024. (Aivalikles, William) (Entered: 11/06/2024) |
| 11/18/2024 | | **ENDORSED ORDER denying 121 Motion to Compel.** *Text of Order: Plaintiff's Motion to Compel (121) is denied, substantially for the reasons set forth in the defendant's objection (123). In particular, the court notes the first five audio/video recordings were produced by agreement roughly five weeks prior to the close of discovery. Additional materials were not requested until more than four months later, long after the close of discovery. Moreover, the plaintiff has failed to indicate how the transcripts she has received are inaccurate, calling into question the relevance of the additional materials. In addition, the claimed relevance of the additional recordings is further undermined by the fact that the plaintiff did not suggest that their absence was a hindrance to her summary judgment responses.* |

| | | |
|---|---|---|
| | | *See Fed. R. Civ. P. 56 (d) (providing remedies for non–movant if additional time is needed to gather facts essential to its response).* **So Ordered by US Magistrate Judge Andrea K Johnstone.(de)** (Entered: 11/18/2024) |
| 02/11/2025 | | **ENDORSED ORDER denying 77 Motion to Strike 75 Objection to Motion; denying as moot 93 Motion for Leave to File Substituted Memo.** *Text of Order: Doc. no. 77 is denied. The attorney defendants' reply (doc. no. 78) demonstrates that any failure to comply with local rules did not prejudice their ability to file a cogent response to plaintiff's objection; therefore, striking the plaintiff's objection would be inequitable. See LR 1.3(b). Accordingly, doc. no. 93 is denied as moot.* **So Ordered by Chief Judge Landya B. McCafferty.(gla)** (Entered: 02/11/2025) |
| 02/14/2025 | 125 | **ORDER denying 71 Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 02/14/2025) |
| 02/25/2025 | 126 | **///ORDER granting 84 Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 02/25/2025) |
| 02/28/2025 | 127 | MOTION for Reconsideration re 125 Order on Motion for Summary Judgment filed by Steven Bolton, Celia Leonard.Follow up on Objection on 3/14/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A–NPD Photos (Doc No. 78–1), # 2 Exhibit B–Leonard Affidavit (Doc No. 71–13), # 3 Exhibit C–Lloyd Affidavit (Doc No 72), # 4 Exhibit D–Ortolano Objection Ex A–4 (Doc 75–6))(Hilliard, Russell) (Entered: 02/28/2025) |
| 03/05/2025 | | **ENDORSED ORDER denying 94 Motion for Default; denying 98 Motion to Strike.** *Text of Order: Doc. nos. 94 and 98 are denied. "[D]efault judgment is a drastic measure that runs contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024) (quotation omitted). "[I]t should be employed only in an extreme situation and to protect diligent parties from clearly unresponsive adversaries." Id. (quotation and citation omitted). Despite their untimely answer, Feoli and Inception have been active participants in this action, as demonstrated by their Rule 12 motion, their summary judgment motion, and their participation in the discovery process. Moreover, although Ortolano asserts that Feoli and Inception's failure to timely file their answer caused her prejudice, she has not explained what she would have done differently in discovery or in litigating this case had they timely answered. Because Ortolano has not shown entitlement to the drastic remedy of default and has not shown how she would be prejudiced by permitting Feoli and Inception to file an untimely answer, doc. nos. 94 and 98 are denied.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 03/05/2025) |
| 03/07/2025 | 128 | Joint Assented to MOTION to Extend Time to Extend Pretrial Filing Deadlines filed by Inception Technologies, Inc., Raymond Feoli, Laurie Ortolano, City of Nashua, NH, Kimberly Kleiner, Steven Bolton, Celia Leonard, Michael Carignan. (Cullen, Brian) (Entered: 03/07/2025) |
| 03/10/2025 | | **ENDORSED ORDER re: 128 Motion to Extend Time to Extend Pretrial Filing Deadlines.** *Text of Order: Granted in part. The deadline for pretrial filings is extended to March 20, 2025.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 03/10/2025) |
| 03/10/2025 | 129 | |

| | | |
|---|---|---|
| | | ///ORDER granting **86** Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty.(gla) (Entered: 03/10/2025) |
| 03/10/2025 | 130 | **ORDER denying 127 Motion for Reconsideration 125 Order on Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 03/10/2025) |
| 03/10/2025 | 131 | **///ORDER granting 91 Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 03/11/2025) |
| 03/13/2025 | 132 | **///ORDER granting 87 Motion for Summary Judgment. So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 03/14/2025) |
| 03/14/2025 | | **///ENDORSED ORDER granting 88 Motion for Summary Judgment.** *Text of Order: The City's motion for summary judgment (doc. no. 88) is granted. The only claims that survived summary judgment are Ortolano's retaliatory arrest claims against Attorneys Bolton and Leonard. A municipality may only be held liable under § 1983 only for actions taken pursuant to an official policy or custom.* Fincher v. Town of Brookline, *26 F.4th 479, 485 (1st Cir. 2022). Although Ortolano points out that one way to satisfy Monell is by showing that the alleged constitutional injury was caused by... a person with final policymaking authority,* Welch v. Ciampa, *542 F.3d 927, 941 (1st Cir. 2008), she overlooks the corresponding limitation that [m]unicipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered,* id. *at 942 (quoting* Pembaur v. City of Cincinnati, *475 U.S. 469, 481 (1986) (plurality opinion));* accord, e.g., *City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (plurality opinion) (municipality may be liable for a single decision taken by the highest officials responsible for setting policy in that area of the [municipality's] business). While the City does not dispute that Attorney Bolton possesses final policymaking authority with respect to the City's Legal Department, there is no evidence he has final policymaking authority with respect to the manner in which the City exercises arresting or prosecutorial discretion. And there is no evidence that Attorney Leonard has final policymaking authority with respect to any segment of the City's activities. Finally, there is no evidence that any officials with final policymaking authority in this area knew of and expressly approved of the attorney's alleged retaliatory motive.* Saunders v. Town of Hull, *874 F.3d 324, 331 (1st Cir. 2017). For these reasons, no reasonable jury would find the City liable, and the City's summary judgment motion (doc. no. 88) is granted.* **So Ordered by Chief Judge Landya B. McCafferty. (gla)** (Entered: 03/14/2025) |
| 03/20/2025 | 133 | Pretrial Statement filed by Steven Bolton, Celia Leonard. (Attachments: # 1 Exhibit Defendants' Trial Exhibit List)(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 134 | Proposed Jury Instructions by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 135 | Proposed Voir Dire by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 136 | MOTION in Limine to Exclude Testimony re July 2022 Incident filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 137 | |

| | | |
|---|---|---|
| | | MOTION in Limine to Exclude Testimony re Kenney filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 138 | MOTION in Limine to Exclude Testimony re Other Trespass Instances filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 139 | MOTION in Limine to Exclude Testimony re Claim Party No Longer Pursuing filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 140 | MOTION in Limine to Exclude Testimony re Prior Protected Conduct filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 141 | MOTION in Limine to Exclude Testimony re Punitive Damages filed by Steven Bolton, Celia Leonard.Follow up on Objection on 4/3/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/20/2025) |
| 03/20/2025 | 142 | Pretrial Statement filed by Laurie Ortolano. (Aivalikles, William) (Entered: 03/20/2025) |
| 03/20/2025 | 143 | Proposed Jury Instructions by Laurie Ortolano. (Aivalikles, William) (Entered: 03/20/2025) |
| 03/20/2025 | 144 | Proposed Voir Dire by Laurie Ortolano. (Aivalikles, William) (Entered: 03/20/2025) |
| 03/24/2025 | 145 | Index of Defendants' Exhibit Q by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 03/24/2025) |
| 03/27/2025 | 146 | Objections to Plaintiff's Trial Exhibits by Steven Bolton, Celia Leonard (Attachments: # 1 Exhibit Table of Defendants' Objections to Plaintiff's Exhibits)(Hilliard, Russell) (Entered: 03/27/2025) |
| 03/27/2025 | 147 | Proposed Jury Instructions *Defendants' Objections to Plaintiff's Proposed Jury Instructions* by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 03/27/2025) |
| 03/27/2025 | 148 | Proposed Voir Dire *Defendants' Objections to Plaintiff's Proposed Voir Dire* by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 03/27/2025) |
| 03/28/2025 | 149 | NOTICE of Attorney Appearance by Brian J.S. Cullen on behalf of Celia Leonard Attorney Brian J.S. Cullen added to party Celia Leonard(pty:dft).(Cullen, Brian) (Entered: 03/28/2025) |
| 03/28/2025 | 150 | MOTION to Excuse Celia Leonard *from Pretrial Conference* filed by Celia Leonard.Follow up on Objection on 4/11/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Cullen, Brian) (Entered: 03/28/2025) |
| 03/28/2025 | | |

| | | |
|---|---|---|
| | | **ENDORSED ORDER granting 150 Motion to Excuse Celia Leonard from Final Pretrial Conference.** *Text of Order: Granted.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 03/28/2025) |
| 03/31/2025 | 151 | OBJECTION to 141 MOTION in Limine to Exclude Testimony re Punitive Damages filed by Laurie Ortolano. Follow up on Reply on 4/7/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aivalikles, William) (Entered: 03/31/2025) |
| 03/31/2025 | 152 | OBJECTION to 138 MOTION in Limine to Exclude Testimony re Other Trespass Instances filed by Laurie Ortolano. Follow up on Reply on 4/7/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aivalikles, William) (Entered: 03/31/2025) |
| 03/31/2025 | 153 | OBJECTION to 139 MOTION in Limine to Exclude Testimony re Claim Party No Longer Pursuing filed by Laurie Ortolano. Follow up on Reply on 4/7/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aivalikles, William) (Entered: 03/31/2025) |
| 03/31/2025 | 154 | OBJECTION to 140 MOTION in Limine to Exclude Testimony re Prior Protected Conduct filed by Laurie Ortolano. Follow up on Reply on 4/7/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aivalikles, William) (Entered: 03/31/2025) |
| 03/31/2025 | 155 | OBJECTION to 136 MOTION in Limine to Exclude Testimony re July 2022 Incident filed by Laurie Ortolano. Follow up on Reply on 4/7/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Aivalikles, William) (Entered: 03/31/2025) |
| 03/31/2025 | 156 | MOTION for Russell F. Hilliard and Brooke Lovett Shilo to Withdraw as Attorney filed by Celia Leonard.Follow up on Objection on 4/14/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Hilliard, Russell) (Entered: 03/31/2025) |
| 03/31/2025 | 157 | Objection to 133 Pretrial Statement *re Defendants' Exhibits* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 03/31/2025) |
| 04/01/2025 | 158 | Objection to 148 Proposed Voir Dire filed by Laurie Ortolano. (Aivalikles, William) (Entered: 04/01/2025) |
| 04/02/2025 | | **ENDORSED ORDER granting 156 Motion for Russell F. Hilliard and Brooke Lovett Shilo to Withdraw as Attorney filed by Celia Leonard.** *Text of Order: Granted.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 04/02/2025) |
| 04/02/2025 | 159 | OBJECTION to 137 MOTION in Limine to Exclude Testimony re Kenney filed by Laurie Ortolano. Follow up on Reply on 4/9/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit February 18, 2021 Affidavit in Support of Laurie Ortolano Arrest, # 2 Exhibit April 19, 2024 Affidavit of Michael Carignan, # 3 Exhibit May 13, 2024 Affidavit of Celia Leonard, # 4 Exhibit May 13, 2024 Affidavit of Steven Bolton)(Aivalikles, William) (Entered: 04/02/2025) |
| 04/02/2025 | 160 | MOTION to Disqualify Attorney Brian Cullen filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 4/16/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP |

| | | |
|---|---|---|
| | | 45(c). (Attachments: # <u>1</u> Exhibit Michael Carignan Deposition Excerpt, # <u>2</u> Exhibit Celia Leonard Deposition Excerpt, # <u>3</u> Exhibit Officer Roach Affidavit in Support of Arrest)(Aivalikles, William) (Entered: 04/02/2025) |
| 04/03/2025 | <u>161</u> | Amended Exhibit List by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 04/03/2025) |
| 04/03/2025 | <u>162</u> | OBJECTION to <u>160</u> MOTION to Disqualify Attorney Brian Cullen filed by Celia Leonard. Follow up on Reply on 4/10/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 04/03/2025) |
| 04/03/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. FINAL PRETRIAL CONFERENCE held on 4/3/2025. Order to Issue. (Court Reporter: Susan Bateman) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Brooke Shilo; Brian Cullen)(Total Hearing Time: 1 hour, 50 minutes) (de) (Entered: 04/04/2025) |
| 04/04/2025 | | Set Trial Dates: Jury Selection & Trial: 4/15/2025; Jury Trial: 4/16/2025 08:30 AM before Chief Judge Landya B. McCafferty; 4/17/2025 08:30 AM before Chief Judge Landya B. McCafferty; 4/18/2025 08:30 AM before Chief Judge Landya B. McCafferty. (de) (Entered: 04/04/2025) |
| 04/04/2025 | | NOTICE of Hearing. Status Conference / Motion hearing set for 4/10/2025 at 03:00 PM before Chief Judge Landya B. McCafferty.(de) (Entered: 04/04/2025) |
| 04/04/2025 | <u>163</u> | JUROR QUESTIONNAIRES: Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only. Note: This document contains questionnaires available at the time of filing. Any additional questionnaires collected will be provided to counsel of record by electronic supplement prior to jury selection.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (de) (Entered: 04/04/2025) |
| 04/04/2025 | <u>164</u> | **ORDER ON JURY SELECTION. So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 04/04/2025) |
| 04/04/2025 | <u>165</u> | **Final Pretrial Order. Exhibit Lists, Exhibits and JERS thumb drive due by 4/8/2025. Witness List due by 4/7/2025. Motions due by 4/7/2025. See all deadlines outlined within. So Ordered by Chief Judge Landya B. McCafferty. (Attachments: # <u>1</u> Exhibit Marking Procedures)(de)** (Entered: 04/04/2025) |
| 04/04/2025 | <u>166</u> | **FINAL PRETRIAL ORDER WHICH INCLUDES MOTION IN LIMINE/MOTION RULINGS: granting <u>136</u> Motion in Limine ; granting in part and denying in part <u>137</u> Motion in Limine ; denying <u>138</u> Motion in Limine ; granting <u>139</u> Motion in Limine ; granting in part and denying in part <u>140</u> Motion in Limine ; denying <u>141</u> Motion in Limine ; denying <u>160</u> Motion to Disqualify. So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 04/04/2025) |
| 04/07/2025 | <u>167</u> | NOTICE of Attorney Appearance by Madeline Kate Matulis on behalf of Steven Bolton Attorney Madeline Kate Matulis added to party Steven |

| | | |
|---|---|---|
| | | Bolton(pty:dft).(Matulis, Madeline) (Entered: 04/07/2025) |
| 04/07/2025 | 168 | Objection to 134 Proposed Jury Instructions filed by Laurie Ortolano. (Aivalikles, William) (Entered: 04/07/2025) |
| 04/07/2025 | 169 | MOTION in Limine to Preclude Victim Testimony filed by Laurie Ortolano.Follow up on Objection on 4/21/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 04/07/2025) |
| 04/07/2025 | 170 | MOTION in Limine to Preclude Defendant Attorneys From Intoducing Any Evidence or Testimony that Plaintiff Used the Word "C*nt" filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 4/21/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 04/07/2025) |
| 04/08/2025 | 171 | Amended Witness List by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 04/08/2025) |
| 04/08/2025 | 172 | MOTION to Clarify filed by Laurie Ortolano.Follow up on Objection on 4/22/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 04/08/2025) |
| 04/08/2025 | 173 | Amended Exhibit List by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 04/08/2025) |
| 04/08/2025 | 174 | Objections to Plaintiff's Trial Exhibits by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 04/08/2025) |
| 04/08/2025 | 175 | Objection to 146 Miscellaneous Filing *to Defendants' Exhibits* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 04/08/2025) |
| 04/08/2025 | 176 | Final Witness List *(Amended)* by Laurie Ortolano. (Aivalikles, William) (Entered: 04/08/2025) |
| 04/09/2025 | 177 | OBJECTION to 169 MOTION in Limine to Preclude Victim Testimony filed by Steven Bolton, Celia Leonard. Follow up on Reply on 4/16/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 04/09/2025) |
| 04/09/2025 | 178 | OBJECTION to 170 MOTION in Limine to Preclude Defendant Attorneys From Intoducing Any Evidence or Testimony that Plaintiff Used the Word "C*nt" MOTION in Limine to Preclude Defendant Attorneys From Intoducing Any Evidence or Testimony that Plaintiff Used the Word "C*nt" filed by Steven Bolton, Celia Leonard. Follow up on Reply on 4/16/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 04/09/2025) |
| 04/09/2025 | 179 | Objection to 176 Witness List filed by Steven Bolton, Celia Leonard. (Cullen, Brian) (Entered: 04/09/2025) |
| 04/09/2025 | 180 | OBJECTION to 172 MOTION to Clarify filed by Steven Bolton, Celia Leonard. Follow up on Reply on 4/16/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit (Affidavit) Bolton Affidavit to MSJ (Doc. 71–2))(Hilliard, Russell) (Entered: 04/09/2025) |

| 04/09/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. IN CHAMBERS CONFERENCE held via video conference on 4/9/2025. (Court Reporter: Liza Dubois) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard; Brian Cullen)(Total Hearing Time: 20 minutes) (de) (Entered: 04/09/2025) |
|---|---|---|
| 04/10/2025 | | **ENDORSED ORDER.** *Text of Order: On April 9, 2025, the court held a status conference via video in this case. Attorney Aivalikles appeared for plaintiff, Ms. Ortolano. Attorney Hilliard appeared for defendant Attorney Bolton, and Attorney Cullen appeared for defendant Attorney Leonard. As explained at the status conference, the court continues this trial due to an emergency motion filed in a case against the United States government. Trial is continued to the two−week period beginning on June 17, 2025.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 04/10/2025) |
| 04/10/2025 | | NOTICE of Hearing. Status Conference / Motion Hearing set for 4/15/2025 at 10:00 AM before Chief Judge Landya B. McCafferty.(de) (Entered: 04/10/2025) |
| 04/11/2025 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 6/17/2025 at 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial / Status Conference set for 6/5/2025 at 03:00 PM before Chief Judge Landya B. McCafferty. (de) (Entered: 04/11/2025) |
| 04/11/2025 | 181 | REPLY to Objection to Motion re 169 MOTION in Limine to Preclude Victim Testimony filed by Laurie Ortolano. Surreply due by 4/16/2025. (Aivalikles, William) (Entered: 04/11/2025) |
| 04/15/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. STATUS CONFERENCE / MOTION HEARING held on 4/15/2025. (Court Reporter: Liza Dubois) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 1 hour, 25 minutes) (de) (Entered: 04/15/2025) |
| 04/22/2025 | 182 | **ORDER re: Status Conference re: Pretrial Matters and 169 Motion in Limine; 170 Motion in Limine; 172 Motion to Clarify. So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 04/23/2025) |
| 05/21/2025 | 183 | Amended Witness List by Laurie Ortolano. (Aivalikles, William) (Entered: 05/21/2025) |
| 06/04/2025 | 184 | STIPULATION re: Stipulation to Waive Keeper of the Records by Laurie Ortolano(Aivalikles, William) Modified on 6/4/2025 to remove abstract of judgment language − filer incorrectly used 2 events (de). (Entered: 06/04/2025) |
| 06/05/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. FINAL PRETRIAL CONFERENCE held on 6/5/2025. (Court Reporter: Brenda Hancock) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 15 minutes) (de) (Entered: 06/05/2025) |
| 06/05/2025 | 185 | **Final Pretrial Order : Exhibit Lists, Exhibits and JERS thumb drives due by 6/10/2025. Witness Lists due by 6/10/2025. Jury Selection 6/17/2025 09:30 AM before Chief Judge Landya B. McCafferty. Jury Trial set for 6/23/2025 09:00 AM ; 6/24/2025 09:00 AM ; 6/25/2025 09:00 AM ; 6/26/2025 09:00 AM Before Chief Judge Landya B. McCafferty. (Counsel start time 8:00 AM on trial days). So Ordered by Chief Judge Landya B. McCafferty. (Attachments: # 1 Exhibit Marking Procedures)(de)** (Entered: 06/06/2025) |

| 06/06/2025 | 186 | JUROR QUESTIONNAIRES: Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only. Note: This document contains questionnaires available at the time of filing. Any additional questionnaires collected will be provided to counsel of record by electronic supplement prior to jury selection.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (de) (Entered: 06/06/2025) |
|---|---|---|
| 06/09/2025 | 187 | Amended Exhibit List by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 06/09/2025) |
| 06/10/2025 | 188 | Final Witness List by Laurie Ortolano. (Aivalikles, William) (Entered: 06/10/2025) |
| 06/10/2025 | 189 | Exhibit *Final Exhibit List* by Laurie Ortolano.(Aivalikles, William) (Entered: 06/10/2025) |
| 06/13/2025 | 190 | JUROR LIST: Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only.<br><br>**Any individual given access to the list shall not disclose the information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (de) (Entered: 06/13/2025) |
| 06/16/2025 | 191 | Objections to Plaintiff's Trial Exhibits by Steven Bolton, Celia Leonard (Attachments: # 1 Exhibit Table of Defendants' Objections to Plaintiff's Exhibits)(Hilliard, Russell) (Entered: 06/16/2025) |
| 06/17/2025 | | **ENDORSED ORDER.** *Text of Order: This court has previously ruled that evidence of an encounter between Plaintiff Laurie Ortolano and Defendant Steven Bolton at Nashua City Hall in July of 2022 was likely to be inadmissible to prove Ortolano's claim that Bolton subjected her to a retaliatory arrest stemming from a trespassing incident in January 2021 – the only claim against Bolton proceeding to trial next week. Doc. no. 166 at 2–3. At a status hearing on today's date, Ortolano argued that the July 2022 evidence was admissible because she has brought a separate claim for retaliation alleging that Bolton's conduct during the July 2022 encounter itself constitutes unlawful retaliation. Ortolano ignores, however, the court's prior order granting in part and denying in part the defendants' motion for judgment on the pleadings (doc. no. 66), which dismissed all of Ortolano's First Amendment claims except to the extent she brought a claim of retaliation arising from her 2021 arrest. Doc. no. 60 at 15; see also id. at 26. Then, in its order denying the defendants' summary judgment motion, the court reiterated that the only claims remaining against the defendants were for retaliatory arrest. Doc. no. 125 at 1. And in objecting to defendants' motion in limine regarding the July 2022 encounter, Ortolano failed to argue that evidence of the July 2022 encounter was admissible because the July 2022 encounter itself gives rise to an independent retaliation claim. In light of the foregoing, the court does not understand why Ortolano raised this issue for the first time less than a week before the first day of trial. Indeed, jury selection was today. The court adheres to its ruling in doc. no. 166. Evidence of the* |

| | | |
|---|---|---|
| | | *July 2022 encounter is inadmissible to prove the only claim Ortolano brings against Bolton – retaliatory arrest stemming from the January 2021 trespassing incident.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 06/17/2025) |
| 06/17/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. JURY SELECTION held on 6/17/2025 – – Jury Sworn. (Court Reporter: Liza Dubois) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 1 hour, 40 minutes) (de) (Entered: 06/18/2025) |
| 06/17/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. STATUS HEARING/CONFERENCE held on 6/17/2025. (Court Reporter: Liza Dubois) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 30 minutes) (de) (Entered: 06/18/2025) |
| 06/20/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. STATUS CONFERENCE held on 6/20/2025 via video conference. Order to issue. A portion of the conference is under seal for medical reasons as stated on the record. (Court Reporter: Susan Bateman) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 15 minutes) (de) (Entered: 06/20/2025) |
| 06/20/2025 | | **ENDORSED ORDER.** *Text of Order: On today's date, the court held a status conference via video in this case. Attorney Aivalikles appeared for the plaintiff, who was also present. Attorneys Hilliard and Matulis appeared for defendant Attorney Bolton. Attorney Cullen appeared for defendant Attorney Leonard. In light of medical information disclosed during an ex parte and sealed portion of today's hearing, the court continued trial in this matter without objection from any party.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 06/20/2025) |
| 06/30/2025 | 192 | MOTION for Reconsideration filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 7/14/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law In Support of MTR)(Aivalikles, William) (Entered: 06/30/2025) |
| 07/01/2025 | | NOTICE of Conference. Status/Scheduling Conference set for 7/2/2025 at 09:00 AM via video conference before Chief Judge Landya B. McCafferty.(de) (Entered: 07/01/2025) |
| 07/02/2025 | | Minute Entry for proceedings held before Chief Judge Landya B. McCafferty. SCHEDULING CONFERENCE held on 7/2/2025 via video conference. (Court Reporter: Liza Dubois) (Pltfs Atty: William Aivalikles) (Defts Atty: Russell Hilliard, Madeline Matulis; Brian Cullen)(Total Hearing Time: 20 minutes) (de) (Entered: 07/02/2025) |
| 07/02/2025 | | **ENDORSED ORDER.** *Text of Order: On today's date, the court held a status conference via video in this case. Attorney Aivalikles appeared for the plaintiff, who was also present. Attorneys Hilliard and Matulis appeared for defendant Attorney Bolton, who was also present. Attorney Cullen appeared for defendant Attorney Leonard. As discussed at the status conference, the court's goal is to reschedule this trial as soon as reasonably possible. Counsel are directed to work with the court's case manager to confirm their availability for a trial in the next few months, likely in September or October.* **So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 07/02/2025) |

| | | |
|---|---|---|
| 07/14/2025 | 193 | OBJECTION to 192 MOTION for Reconsideration *of June 17 Order* filed by Steven Bolton, Celia Leonard. Follow up on Reply on 7/21/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A – Excerpts from Defs' Motion for Summ Judg Doc. 71–1)(Hilliard, Russell) (Entered: 07/14/2025) |
| 07/16/2025 | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 10/7/2025 at 09:30 AM before Chief Judge Landya B. McCafferty. Final Pretrial Conference set for 9/29/2025 at 03:00 PM before Chief Judge Landya B. McCafferty. Pretrial Statements due 9/8/2025. LR 16.2(d) Objections due 9/22/2025. (de) (Entered: 07/16/2025) |
| 07/22/2025 | 194 | REPLY to Objection to Motion re 192 MOTION for Reconsideration *of the June 17, 2025 Order* filed by Laurie Ortolano. Surreply due by 7/28/2025. (Attachments: # 1 Memorandum of Law)(Aivalikles, William) (Entered: 07/22/2025) |
| 07/22/2025 | | NOTICE of ECF Filing Error – Filer used wrong event. Filer shall refile using a *MOTION EVENT – Motion for Leave to File* event and enter in docket text: *Replaces document no. 194*. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603–225–1423.Compliance Deadline set for 7/23/2025.(de) (Entered: 07/22/2025) |
| 07/22/2025 | 195 | MOTION for Leave to File Reply to Opposition to Motion for Reconsideration *Replaces document no. 194* filed by Laurie Ortolano.Follow up on Objection on 8/5/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law Proposed Reply)(Aivalikles, William) (Entered: 07/22/2025) |
| 07/24/2025 | | **ENDORSED ORDER granting 195 Motion for Leave to File Reply to Opposition to Motion for Reconsideration.** *Text of Order: Granted. Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF.* **So Ordered by Chief Judge Landya B. McCafferty. (gla)** Modified on 7/24/2025 to add: Within 48 hours counsel shall electronically refile the pleading attached to the Motion for Leave to File using the appropriate event in CMECF. (gla). (Entered: 07/24/2025) |
| 07/24/2025 | 196 | **ORDER denying 192 Motion for Reconsideration. So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 07/24/2025) |
| 07/31/2025 | | RESCHEDULING NOTICE of Hearing. Final Pretrial Conference reset for 9/22/2025 at 03:00 PM before Chief Judge Landya B. McCafferty. (de) (Entered: 07/31/2025) |
| 09/08/2025 | 197 | Defendants' Index of Pretrial Materials by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 09/08/2025) |
| 09/22/2025 | | Hearing terminated: Final Pretrial Conference 09/22/2025 continued : TO BE RESCHEDULED. (de) (Entered: 09/22/2025) |
| 09/22/2025 | 198 | Assented to MOTION to Continue Pretrial Hearing on September 22, 2025 filed by Laurie Ortolano.Follow up on Objection on 10/6/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 09/22/2025) |
| 09/23/2025 | 199 | JUROR QUESTIONNAIRES: Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only. Note: This document contains questionnaires available at the time of filing. Any |

| | | |
|---|---|---|
| | | additional questionnaires collected will be provided to counsel of record by electronic supplement prior to jury selection.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (de) (Entered: 09/23/2025) |
| 09/23/2025 | 200 | SUPPLEMENTAL JUROR QUESTIONNAIRE received after the original set of questionnaires were electronically filed. Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (de) (Entered: 09/23/2025) |
| 09/24/2025 | | **ENDORSED ORDER granting 198 Assented to Motion to Continue Pretrial Hearing on September 22, 2025. *Text of Order: Granted.* So Ordered by Chief Judge Landya B. McCafferty.(de)** (Entered: 09/25/2025) |
| 09/29/2025 | 201 | Assented to MOTION to Continue Trial Scheduled for October 7, 2025 filed by Laurie Ortolano.(de) (Entered: 09/29/2025) |
| 10/01/2025 | | Hearing terminated: Jury Selection on 10/07/2025 has been continued/canceled and will be rescheduled. (de) (Entered: 10/01/2025) |
| 10/09/2025 | | **ENDORSED ORDER granting 201 Assented to Motion to Continue Trial. *Text of Order: Granted. Counsel have conferred further and notified the court's case manager that parties are available for trial during the February 3, 2026 trial period. Therefore, jury selection and trial in this matter are continued to February 3, 2026.* So Ordered by Chief Judge Landya B. McCafferty. Pretrial Statements due 12/30/2025. Final Pretrial Conference set for 1/20/2026 at 03:00 PM before Chief Judge Landya B. McCafferty. Jury Selection/Trial set for two week period beginning 2/3/2026 at 09:30 AM before Chief Judge Landya B. McCafferty. (de)** (Entered: 10/09/2025) |
| 10/16/2025 | 202 | TRANSCRIPT of Proceedings for Pretrial & Status Conference held on 6/5/2025. Court Reporter: Brenda Hancock, Telephone # 603 225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** |

| | | |
|---|---|---|
| | | Redaction Request Follow Up 11/6/2025. Redacted Transcript Follow Up 11/17/2025. Release of Transcript Restriction set for 1/14/2026.(de) (Entered: 10/16/2025) |
| 10/16/2025 | 203 | TRANSCRIPT of Proceedings for Status Conference held on 6/17/2025. Court Reporter: Liza Dubois, Telephone # 603 225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 11/6/2025. Redacted Transcript Follow Up 11/17/2025. Release of Transcript Restriction set for 1/14/2026.(de) (Entered: 10/17/2025) |
| 11/14/2025 | 204 | TRANSCRIPT of Proceedings for Final Pretrial Conference held on April 3, 2025. Court Reporter: Susan Bateman, Telephone # 603–225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 12/5/2025. Redacted Transcript Follow Up 12/15/2025. Release of Transcript Restriction set for 2/12/2026.(vln) (Entered: 11/14/2025) |
| 12/03/2025 | 205 | TRANSCRIPT of Proceedings for Motion Hearing held on April 15, 2025. Court Reporter: Liza Dubois, Telephone # 603 225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 12/24/2025. Redacted Transcript Follow Up 1/5/2026. Release of Transcript Restriction set for 3/3/2026.(de) (Entered: 12/05/2025) |
| 12/30/2025 | 206 | Pretrial Statement *Defendants' Index of Pretrial Materials* filed by Steven Bolton, Celia Leonard. (Hilliard, Russell) (Entered: 12/30/2025) |
| 12/30/2025 | 207 | Pretrial Statement filed by Laurie Ortolano. (Aivalikles, William) (Entered: |

| | | |
|---|---|---|
| | | 12/30/2025) |
| 01/13/2026 | 208 | Pretrial Statement filed by Steven Bolton, Celia Leonard. (Attachments: # 1 Exhibit A – Defs' Trial Exhibit D, # 2 Exhibit B – Order Dated 4/22/2025, # 3 Exhibit C – Social Media Post)(Hilliard, Russell) (Entered: 01/13/2026) |
| 01/13/2026 | 209 | Table of Objections to Plaintiff's New Exhibits by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 01/13/2026) |
| 01/19/2026 | 210 | Objection to 134 Proposed Jury Instructions ,*Jury Instruction #4* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 01/19/2026) |
| 01/19/2026 | 211 | Objection to 191 Miscellaneous Filing, 209 Miscellaneous Filing *PLAINTIFFS RESPONSES TO DEFENDANTS OBJECTIONS TO TRIAL EXHIBITS* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 01/19/2026) |
| 01/19/2026 | 212 | Objection to 187 Miscellaneous Filing *Defendants' Exhibit List* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 01/19/2026) |
| 01/20/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. FINAL PRETRIAL CONFERENCE held on 1/20/2026. Order to Issue. (Court Reporter: Gizella Baan–Proulx) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen, Russell F. Hilliard,)(Total Hearing Time: 1:10) (vln) (Entered: 01/21/2026) |
| 01/21/2026 | 213 | **Final Pretrial Order. So Ordered by Judge Landya B. McCafferty. (Attachments: # 1 Procedures for Marking Exhibits, # 2 JERS Exhibit Naming Convention)(vln)** (Entered: 01/21/2026) |
| 01/21/2026 | 214 | **ORDER ON JURY SELECTION. So Ordered by Judge Landya B. McCafferty.(vln)** (Entered: 01/21/2026) |
| 01/21/2026 | | NOTICE of Hearing. Status Conference set for 2/2/2026 10:00 AM before Judge Landya B. McCafferty.(vln) (Entered: 01/21/2026) |
| 01/21/2026 | 215 | Objection to 134 Proposed Jury Instructions *Nominal Damages Instruction* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 01/21/2026) |
| 01/21/2026 | 216 | Objection to 134 Proposed Jury Instructions *on Qualified Immunity* filed by Laurie Ortolano. (Aivalikles, William) (Entered: 01/21/2026) |
| 01/22/2026 | 217 | TRANSCRIPT of Proceedings for Pretrial Conference held on 1/20/2026. Court Reporter: Gizella Baan–Proulx, Telephone # 603 225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** Redaction Request Follow Up 2/12/2026. Redacted Transcript Follow Up 2/23/2026. Release of Transcript Restriction set for 4/22/2026.(vln) (Entered: 01/22/2026) |

| 01/26/2026 | 218 | JUROR QUESTIONNAIRES: **THIS DOCUMENT HAS BEEN SENT BY SEPARATE EMAIL IT CANNOT BE ACCESSED VIA PACER.**Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only.<br><br>**The retrieval or viewing of these questionnaires constitutes confirmation that you will adhere to L.R. 47.1, which requires that any individual given access to the questionnaires shall not disclose the questionnaires, or information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (vln) (Entered: 01/26/2026) |
|---|---|---|
| 01/26/2026 | 219 | RESPONSE re 210 Objection to *(Def Reply to Plt Obj to Def Proposed Jury Instruction 4)* filed by Steven Bolton, Celia Leonard. (Lovett Shilo, Brooke) (Entered: 01/26/2026) |
| 01/27/2026 | 220 | Reply re: 219 –– Response to Objection Regarding Jury Instruction #4 by Laurie Ortolano(Aivalikles, William) (Entered: 01/27/2026) |
| 01/28/2026 | 221 | MOTION Ruling for Judicial Estoppel on Issue of Color of Law / State Actor filed by Laurie Ortolano.Follow up on Objection on 2/11/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 01/28/2026) |
| 01/28/2026 | 222 | JUROR LIST: Access to this document is available to the Court and temporarily available to counsel for Steven Bolton, Celia Leonard, Laurie Ortolano only.<br><br>**Any individual given access to the list shall not disclose the information contained therein, to anyone other than the attorneys, their agents, or the parties involved in trial. Violation of this rule may be treated as contempt of court.**. (vln) (Entered: 01/28/2026) |
| 01/30/2026 | 223 | Updated Objection Plaintiff's Trial Exhibits by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 01/30/2026) |
| 01/30/2026 | | **ENDORSED ORDER granting 221 Motion for Ruling for Judicial Estoppel on Issue of Color of Law / State Actor.** *Text of Order: Denied. Ortolano fails to demonstrate any of the three factors traditionally necessary to invoke judicial estoppel. See, e.g., In re Buscone, 61 F.4th 10, 21 (1st Cir. 2023). The court perceives no unfairness in defendants putting Ortolano to her proof regarding a necessary element of her case. To the extent Ortolano believes the evidence at trial is overwhelmingly in her favor on this issue, she may move for judgment as a matter of law at the appropriate time during trial.* **So Ordered by Judge Landya B. McCafferty.(vln)** (Entered: 01/30/2026) |
| 01/30/2026 | 224 | MOTION for Reconsideration re Order on Motion for Miscellaneous Relief,, *See Doc #221,* filed by Laurie Ortolano.Follow up on Objection on 2/13/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Aivalikles, William) (Entered: 01/30/2026) |
| 01/30/2026 | 225 | Updated Objections of the Defendants to Plaintiff's Trial Exhibits by Steven Bolton, Celia Leonard(Hilliard, Russell) (Entered: 01/30/2026) |
| 01/30/2026 | 226 | OBJECTION to 224 MOTION for Reconsideration re Order on Motion for Miscellaneous Relief,, *See Doc #221,* filed by Steven Bolton, Celia Leonard. Follow |

| | | |
|---|---|---|
| | | up on Reply on 2/6/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 01/30/2026) |
| 02/02/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. STATUS CONFERENCE held on 2/2/2026. (Court Reporter: Gizella Baan–Proulx) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen, Russell F. Hilliard,)(Total Hearing Time: 1:30) (vln) (Entered: 02/02/2026) |
| 02/02/2026 | | **ENDORSED ORDER denying 224 Motion for Reconsideration..** *Text of Order: Denied for the reasons stated on the record at the hearing on today's date.* **So Ordered by Judge Landya B. McCafferty.(vln)** (Entered: 02/02/2026) |
| 02/02/2026 | | NOTICE of Hearing. Conference set for 2/3/2026 09:00 AM before Judge Landya B. McCafferty.(vln) (Entered: 02/02/2026) |
| 02/02/2026 | 227 | TRANSCRIPT of Proceedings for Final Pretrial Conference held on 2/2/2026. Court Reporter: Gizella Baan–Proulx, Telephone # 603 225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** Redaction Request Follow Up 2/23/2026. Redacted Transcript Follow Up 3/5/2026. Release of Transcript Restriction set for 5/4/2026.(vln) (Entered: 02/02/2026) |
| 02/03/2026 | 228 | Proposed Jury Instructions *on Actions "Under Color of Law"* by Laurie Ortolano. (Aivalikles, William) (Entered: 02/03/2026) |
| 02/03/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY SELECTION held on 2/3/2026 – Jury Sworn. (Court Reporter: Gizella Baan–Proulx) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen, Russell F. Hilliard,)(Total Hearing Time: 1:30) (vln) (Entered: 02/03/2026) |
| 02/03/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY TRIAL – Day 1 held on 2/3/2026. Opening statements. Evidences begins Witnesses Appearing: Laurie Ortolano. (Court Reporter: Liza Dubois) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen, Russell F. Hilliard,)(Total Hearing Time: 3:40) (vln) (Entered: 02/03/2026) |
| 02/04/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. CHARGING CONFERENCE held on 2/4/2026. (Court Reporter: Susan Bateman) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 15 minutes) (jwb) (Entered: 02/04/2026) |
| 02/04/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY TRIAL – Day 2 held on 2/4/2026. Evidence introduced. Witnesses Appearing: Laurie Ortolano, Timothy John Roach. (Court Reporter: Susan Bateman (AM) Gizella Baan–Proulx (PM)) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; |

| | | |
|---|---|---|
| | | Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 5 hours 35 minutes) (jwb) Modified on 2/5/2026 to add PM court reporter name (jwb). (Entered: 02/04/2026) |
| 02/05/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. CHARGING CONFERENCE held on 2/5/2026. (Court Reporter: Liza Dubois) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 30 minutes) (jwb) (Entered: 02/05/2026) |
| 02/05/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY TRIAL – Day 3 held on 2/5/2026. Evidence introduced. Witnesses Appearing: Timothy John Roach, Michael Carignan, Richard Lehmann, Michael Charles Ortolano, Mindy Lloyd, Celia Leonard. Juror #3 excused due to illness. Plaintiff rests. Defendants' Rule 50 motions denied for reasons stated on the record. (Court Reporter: Liza Dubois (AM) Susan Bateman (PM)) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 5 hours 35 minutes) (jwb) (Entered: 02/05/2026) |
| 02/05/2026 | | ORAL MOTION for Judgment as a Matter of Law filed by Celia Leonard.(jwb) (Entered: 02/05/2026) |
| 02/05/2026 | | ORAL MOTION for Judgment as a Matter of Law filed by Steven Bolton.(jwb) (Entered: 02/05/2026) |
| 02/05/2026 | | **ORAL ORDER denying Oral Motion for Judgment as a Matter of Law by Celia Leonard; denying Oral Motion for Judgment as a Matter of Law by Steven Bolton. So Ordered by Judge Landya B. McCafferty.(jwb)** (Entered: 02/05/2026) |
| 02/05/2026 | 229 | Proposed Jury Instructions *First Amendment Protects "Offensive" Speech* by Laurie Ortolano. (Aivalikles, William) (Entered: 02/05/2026) |
| 02/06/2026 | 230 | Proposed Jury Instructions *Revisions to Model Instructions* by Laurie Ortolano. (Aivalikles, William) (Entered: 02/06/2026) |
| 02/06/2026 | 231 | Proposed Special Verdict *Form* by Laurie Ortolano. (Attachments: # 1 Exhibit Proposed Jury Slip)(Aivalikles, William) (Entered: 02/06/2026) |
| 02/06/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. CHARGING CONFERENCE held on 2/6/2026. (Court Reporter: Gizella Baan–Proulx) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 15 minutes) (jwb) (Entered: 02/06/2026) |
| 02/06/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY TRIAL – Day 4 held on 2/6/2026. Evidence introduced. Witnesses Appearing: Celia Leonard, Steven Bolton. Defendants rest. (Court Reporter: Gizella Baan–Proulx (AM); Susan Bateman (PM)) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 4 hours 50 minutes) (jwb) (Entered: 02/06/2026) |
| 02/06/2026 | | Jury Trial set for 2/9/2026 09:00 AM before Judge Landya B. McCafferty. (jwb) (Entered: 02/06/2026) |
| 02/09/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. CHARGING CONFERENCE held on 2/9/2026. (Court Reporter: Liza Dubois) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 3 minutes) (jwb) (Entered: 02/09/2026) |

| | | |
|---|---|---|
| 02/09/2026 | | Minute Entry for proceedings held before Judge Landya B. McCafferty. JURY TRIAL – Day 5 concluded on 2/9/2026. Closing arguments. Court charges jury. Court orders that lunch be provided to the jury. Jury retires to deliberate. Jury deliberations. Jury Question #1. Jury Question #2. Jury returns with verdict. (Court Reporter: Liza Dubois, Susan Bateman (Jury Question #1)) (Pltfs Atty: William E. Aivalikles) (Defts Atty: Brian J.S. Cullen; Russell F. Hilliard; Madeline Kate Matulis)(Total Hearing Time: 2 hours 26 minutes) (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 232 | Court's Instructions to Jury. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 233 | Final Exhibit List by Laurie Ortolano. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 234 | Final Exhibit List by Steven Bolton, Celia Leonard. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 235 | Redacted Jury Question No. 1. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 236 | SEALED UNREDACTED JURY QUESTION NO. 1 re: 235 Jury Question (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 237 | Redacted Jury Question No. 2. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 238 | SEALED UNREDACTED JURY QUESTION NO. 2 re: 237 Jury Question. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 239 | Court's Response to Jury Question No. 2. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 240 | Attorney Certification of Electronic Exhibits Submitted for Presentation Using the Jury Evidence Recording System (JERS). (Attachments: # 1 JERS Exhibit Log)(jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 241 | REDACTED JURY VERDICT. (jwb) (Entered: 02/09/2026) |
| 02/09/2026 | 242 | SEALED UNREDACTED JURY VERDICT re: 241 Jury Verdict. (jwb) (Entered: 02/09/2026) |
| 02/10/2026 | | **ENDORSED ORDER.** *Text of Order: The parties shall file any post–trial motions by February 27, 2026.* **So Ordered by Judge Landya B. McCafferty.(de)** (Entered: 02/10/2026) |
| 02/18/2026 | 243 | TRANSCRIPT of Proceedings for Trial Day 4 – Morning Session held on February 6, 2026. Court Reporter: Gizella Baan–Proulx, Telephone # 603 225–1454. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/11/2026. Redacted Transcript Follow Up 3/23/2026. Release of Transcript Restriction set for 5/19/2026.(de) (Entered: 02/20/2026) |
| 02/27/2026 | 244 | MOTION for New Trial *as to Defendant Bolton* filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 3/13/2026. The court only follow up date |

| | | |
|---|---|---|
| | | DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Transcript Excerpts from Trial, # 2 Exhibit Transcript Excerpts from Trial, # 3 Exhibit Transcript Excerpts from Trial)(Aivalikles, William) (Entered: 02/27/2026) |
| 02/27/2026 | 245 | MOTION for New Trial *as to Defendant Leonard* filed by Laurie Ortolano. **HEARING REQUESTED.**Follow up on Objection on 3/13/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Trial Transcript Excerpts, # 2 Exhibit Trial Transcript Excerpts, # 3 Exhibit Trial Transcript Excerpts, # 4 Exhibit Trial Transcript Excerpts)(Aivalikles, William) (Entered: 02/27/2026) |
| 03/04/2026 | 246 | TRANSCRIPT of Proceedings for EXCERPT OF JURY TRIAL TESTIMONY OF CELIA LEONARD held on February 5, 2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** Redaction Request Follow Up 3/25/2026. Redacted Transcript Follow Up 4/6/2026. Release of Transcript Restriction set for 6/2/2026.(vln) (Entered: 03/04/2026) |
| 03/04/2026 | 247 | TRANSCRIPT of Proceedings for EXCERPT OF JURY TRIAL TESTIMONY OF STEVEN BOLTON held on February 6, 2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.** Redaction Request Follow Up 3/25/2026. Redacted Transcript Follow Up 4/6/2026. Release of Transcript Restriction set for 6/2/2026.(vln) (Entered: 03/04/2026) |
| 03/06/2026 | 248 | TRANSCRIPT of Proceedings for Excerpt from jury trial after testimony concluded held on February 6, 2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number. |

| | | |
|---|---|---|
| | | **NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 3/27/2026. Redacted Transcript Follow Up 4/6/2026. Release of Transcript Restriction set for 6/4/2026.(vln) (Entered: 03/06/2026) |
| 03/11/2026 | 249 | TRANSCRIPT of Proceedings for EXCERPT TRANSCRIPT JURY TRIAL DAY 5 DISCUSSION RE: JURY INSTRUCTIONS JURY QUESTION #2 held on 2/9/2026. Court Reporter: Liza Dubois, Telephone # 603–225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/1/2026. Redacted Transcript Follow Up 4/13/2026. Release of Transcript Restriction set for 6/9/2026.(vln) (Entered: 03/11/2026) |
| 03/13/2026 | 250 | OBJECTION to 244 MOTION for New Trial *as to Defendant Bolton* filed by Steven Bolton. Follow up on Reply on 3/20/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit A – Excerpt Trial Transcript 2–6–2026, # 2 Exhibit B – Excerpt Trial Transcript 2–9–2026, # 3 Exhibit C – Excerpt Trial Transcript 2–06–2026, # 4 Exhibit D – Excerpt Trial Transcript 02–05–2026, # 5 Exhibit E – Excerpt Trial Transcript 02–06–2026)(Hilliard, Russell) (Entered: 03/13/2026) |
| 03/13/2026 | 251 | OBJECTION to 245 MOTION for New Trial *as to Defendant Leonard* filed by Celia Leonard. Follow up on Reply on 3/20/2026. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Cullen, Brian) (Entered: 03/13/2026) |
| 04/06/2026 | 252 | TRANSCRIPT of Proceedings for Jury Trial Day 2 – Morning Session held on 2/4/2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/27/2026. Redacted Transcript Follow Up 5/7/2026. Release of Transcript Restriction set for 7/6/2026.(de) (Entered: 04/06/2026) |

| 04/06/2026 | 253 | TRANSCRIPT of Proceedings for Jury Trial Day 3 – Afternoon Session held on 2/5/2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/27/2026. Redacted Transcript Follow Up 5/7/2026. Release of Transcript Restriction set for 7/6/2026.(de) (Entered: 04/06/2026) |
| 04/06/2026 | 254 | TRANSCRIPT of Proceedings for Jury Trial Day 4 – Afternoon Session held on 2/6/2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/27/2026. Redacted Transcript Follow Up 5/7/2026. Release of Transcript Restriction set for 7/6/2026.(de) (Entered: 04/06/2026) |
| 04/06/2026 | 255 | TRANSCRIPT of Proceedings for Jury Question Number One held on 2/9/2026. Court Reporter: Susan Bateman, Telephone # 603 225–1453. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 4/27/2026. Redacted Transcript Follow Up 5/7/2026. Release of Transcript Restriction set for 7/6/2026.(de) (Entered: 04/06/2026) |
| 04/20/2026 | 256 | TRANSCRIPT of Proceedings for Jury Trial Day 5 – Morning Session and Jury Verdict held on 2/9/2026. Court Reporter: Liza Dubois, Telephone # 603 225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a |

| | | |
|---|---|---|
| | | transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 5/11/2026. Redacted Transcript Follow Up 5/21/2026. Release of Transcript Restriction set for 7/20/2026.(de) (Entered: 04/20/2026) |
| 04/20/2026 | 257 | TRANSCRIPT of Proceedings for Jury Trial Day 3 – Morning Session held on 2/5/2026. Court Reporter: Liza Dubois, Telephone # 603 225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 5/11/2026. Redacted Transcript Follow Up 5/21/2026. Release of Transcript Restriction set for 7/20/2026.(de) (Entered: 04/20/2026) |
| 04/20/2026 | 258 | TRANSCRIPT of Proceedings for Jury Trial Day 1 – Afternoon Session held on 2/3/2026. Court Reporter: Liza Dubois, Telephone # 603 225–1442. Transcript is available for public inspection, but may not be copied or otherwise reproduced, at the Clerk's Office for a period of 90 days. Additionally, only attorneys of record and pro se parties with an ECF login and password who purchase a transcript from the court reporter will have access to the transcript through PACER during this 90–day period. If you would like to order a copy, please contact the court reporter at the above listed phone number.<br><br>**NOTICE: Any party who requests an original transcript has 21 days from service of this notice to determine whether it is necessary to redact any personal identifiers and, if so, to electronically file a Redaction Request.**<br><br>Redaction Request Follow Up 5/11/2026. Redacted Transcript Follow Up 5/21/2026. Release of Transcript Restriction set for 7/20/2026.(de) (Entered: 04/21/2026) |
| 04/24/2026 | 259 | **ORDER denying 244 Motion for New Trial; denying 245 Motion for New Trial. So Ordered by Judge Landya B. McCafferty. (gla)** (Entered: 04/24/2026) |
| 04/29/2026 | 260 | **JUDGMENT is hereby entered in accordance with jury verdict, orders and stipulations. Signed by Tracy A. Uhrin, Clerk of Court.** *(Case Closed).* **(de)** (Entered: 04/29/2026) |
| 05/19/2026 | 261 | NOTICE OF APPEAL by Laurie Ortolano.( Filing fee $ 605, receipt number ANHDC–2795928.) [NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the Forms & Notices section of the First Circuit |

| | | |
|---|---|---|
| | | website at www.ca1.uscourts.gov, MUST be completed and submitted to the U.S. Court of Appeals for the First Circuit.]<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** (Aivalikles, William) (Entered: 05/19/2026) |
| 05/21/2026 | 262 | Appeal Cover Sheet as to 261 Notice of Appeal filed by Laurie Ortolano. (de) (Entered: 05/21/2026) |
| 05/21/2026 | 263 | Clerk's Certificate transmitting Record on Appeal to US Court of Appeals documents numbered 262, 261, 260 and 259 re 261 Notice of Appeal.(de) (Entered: 05/21/2026) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1.     USDC/NH Case No. 22-cv-326-LM

2.     TITLE OF CASE: Ortolano v. Bolton et al.

3.     TYPE OF CASE: Civil

4.     NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

5.     NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
     See certified copy of docket (ECF registered users not provided with a copy of docket)

6.     NAME OF JUDGE: Judge Landya McCafferty

7.     DATE OF JUDGMENT OR ORDER ON APPEAL: **April 29, 2026**

8.     DATE OF NOTICE OF APPEAL: **May 19, 2026**

9.     FEE PAID or IFP :YES

10.    COURT APPOINTED COUNSEL: Not Applicable

11.    COURT REPORTER(S):  and DATES: Susan Bateman; Liza Dubois; Gizella Baan-Proulx – See Docket Sheet.

12.    TRANSCRIPTS ORDERED/ON FILE: YES

13.    HEARING/TRIAL EXHIBITS: YES

14.    MOTIONS PENDING: NO

15.    GUIDELINES CASE: Not Applicable

16.    RELATED CASES or CROSS APPEAL:

17.    SPECIAL COMMENTS:

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Laurie Ortolano

    v.                                          No. 22-cv-326-LM

Bolton et al.


CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

    I,Donna Esposito, Deputy Clerk of the United States District
Court for the District of New Hampshire, do hereby certify that the
following documents constitute the record on appeal to the First
Circuit Court of Appeals:

    DOCUMENTS NUMBERED:262, 261, 260, 259

    The Clerk's Office hereby certifies the record and docket sheet
available through ECF to be the certified record and the certified
copy of the docket entries.


IN TESTIMONY WHEREOF, I hereunto
set my hand and affix the seal
of said Court, at Concord, in
said District, on this day,
May 21, 2026

**Tracy Uhrin, Clerk**

**By: /s/ DonnaEsposito, Deputy Clerk**

**May 21, 2026**

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW HAMPSHIRE**

|  |  |
|---|---|
| Laurie Ortolano,<br>                              Plaintiff<br><br>v.<br><br>Steven Bolton and Celia Leonard<br>                              Defendants | )<br>)<br>)<br>)<br>) Civil Action No. 22-cv-00326-LM<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF APPEAL

Notice is hereby given that Plaintiff Laurie Ortolano, by and through her undersigned

counsel, hereby appeals to the United States Court of Appeals for the First Circuit from:

1. The final Judgment entered in this action on April 29, 2026 (ECF No. 260);

2. The Order entered April 24, 2026 (ECF No. 259); denying Plaintiff's Fed. R. Civ. P. Rule

   59 Motion for a New Trial as to Defendant Steven Bolton (ECF No. 244); and, denying

   Plaintiff's Motion for a New Trial as to Defendant Celia Leonard (ECF No. 245).

   Pursuant to Federal Rule of Appellate Procedure 3(c)(4), this Notice of Appeal

encompasses all rulings that, for purposes of appeal, merge into the designated judgment or

appealable order.

**Dated: May 19, 2026**                    Respectfully Submitted,

                                           Plaintiff Laurie Ortolano.
                                           By her Attorney,

                                           */s/ William Aivalikles*
                                           William Aivalikles, Esq.
                                           NH Bar #308
                                           Law Office of William Aivalikles
                                           253 Main Street
                                           Nashua, NH 03060
                                           (603)880-0303
                                           william@nhtriallaw.com

1

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this filing was served via electronic filing / PACER upon counsel of record.


**Dated: May 19, 2026**            <u>*/s/William Aivalikles*</u>
                                   William Aivalikles, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Laurie Ortolano


   v.                                  Case No. 22-cv-326-LM


Bolton et al


JUDGMENT


Judgment is hereby entered in accordance with the following:

1) The Notice of Voluntary Dismissal as to Jonathan Duhamel dated November 15, 2022;

2) The Order by Judge Landya B. McCafferty dated June 12, 2023;

3) The Order by Judge Landya B. McCafferty dated September 26, 2023;

4) The Order by Judge Landya B. McCafferty dated September 28, 2023;

5) The Stipulation of Dismissal as to Counts 3, 4, 5, 6, 9 and 10 dated October 20, 2023.

6) The Order by Judge Landya B. McCafferty dated February 25, 2025;

7) The Order by Judge Landya B. McCafferty dated March 10, 2025 (document 129);

8) The Order by Judge Landya B. McCafferty dated March 10, 2025

(document 131);

9) The Order by Judge Landya B. McCafferty dated March 13, 2025;

10) The Endorsed Order by Judge Landya B. McCafferty dated

March 14, 2025;

11) The Jury Verdict dated February 9, 2026; and

12) The Order by Judge Landya B. McCafferty dated April 24, 2026

denying the Motions for New Trial.

The prevailing party may recover costs consistent with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

By the Court:

Tracy A. Uhrin
Clerk of Court

Date: April 29, 2026

cc:  Counsel of Record

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Laurie Ortolano

v.                                    Civil No. 22-cv-326-LM
                                      Opinion No. 2026 DNH 045 P
Steven Bolton and
Celia Leonard


**O R D E R**

Plaintiff Laurie Ortolano filed this lawsuit against defendants Steven Bolton and Celia Leonard who are, respectively, Corporation Counsel and Deputy Corporation Counsel for the City of Nashua ("Nashua" or "the City"). Ortolano alleged that Attorneys Bolton and Leonard subjected her to a retaliatory arrest after she trespassed at the Legal Department of Nashua City Hall in January of 2021. After five days of trial, a jury returned a verdict in favor of the defense. Ortolano now moves for a new trial with respect to each defendant under Federal Rule of Civil Procedure 59. Doc. nos. 244 & 245. Bolton and Leonard object. Doc. nos. 250 & 251. For the following reasons, Ortolano's motions (doc. nos. 244 & 245) are denied.


**STANDARD OF REVIEW**

A district court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The court may grant a new trial under Rule 59 "on the basis that the verdict is against the weight of the evidence." Jennings v. Jones, 587 F.3d 430, 436

(1st Cir. 2009). In addition, "the district court has the power and duty to order a new trial whenever, in its judgment, the action is required in order to prevent injustice." Id. (quoting Kearns v. Keystone Shipping Co., 863 F.2d 177, 181 (1st Cir. 1988)). Although a trial court faced with a Rule 59 motion for a new trial "is free to independently weigh the evidence," a "'district judge cannot displace a jury's verdict merely because [she] disagrees with it' or because 'a contrary verdict may have been equally supportable.'" Id. (brackets omitted) (quoting Ahern v. Scholz, 85 F.3d 774, 780 (1st Cir. 1996)). "[T]rial judges do not sit as thirteenth jurors, empowered to reject any verdict with which they disagree." Id.

## BACKGROUND[1]

As of January 2021, Ortolano had submitted over 100 written and verbal "Right-to-Know" requests with the City of Nashua, see RSA ch. 91-A, primarily seeking to obtain documents pertaining to the City's Assessing Department and its policies and processes for assessing property taxes. Ortolano had also filed at least one lawsuit against the City in New Hampshire state court alleging violations of the Right-to-Know law, as well as a property tax abatement appeal with the Board of Tax and Land Appeals. Attorney Leonard assisted the City in responding to Ortolano's Right-to-Know requests, and both attorneys represented the City in Ortolano's state-court action and her abatement appeal. In addition, as of January 2021, Ortolano had made public statements criticizing the City and its officials, including Attorneys Bolton and Leonard.

---

[1] The following facts are drawn from the evidence presented at trial.

Prior to January 2021, Ortolano had visited the Legal Department on at least three occasions. In 2019, Ortolano had requested to meet with Kim Kleiner, who oversaw the Assessing Department. Kleiner was reluctant to meet with Ortolano, and asked Attorney Bolton to join her. Attorney Bolton testified that Ortolano was dissatisfied with his answers to her questions at the meeting, and that he eventually had to ask her to leave when it became clear they "weren't going to be able to continue on in a civil manner." Doc. no. 243 at 107. Approximately one year later, Ortolano filed a complaint with the Attorney Discipline Office of the New Hampshire bar, alleging that Attorney Bolton had attempted to discuss matters with her upon which she was represented by counsel.[2]

In September 2019, Ortolano went to the Legal Department to ask a question about a meeting that previously took place in the Assessing Department among employees in that department. Attorney Leonard informed Ortolano that the Legal Department could not respond to general requests about meetings that took place in other departments and would instead only respond to Ortolano's document requests under the Right-to-Know law. Later that day, Ortolano sent Attorney Leonard an email acknowledging that Attorney Leonard made it "very clear" that the Legal Department would "only . . . address specific document requests" and could not assist her with other matters. Def. Ex. A.

In January 2020, Attorney Bolton was sitting in his office in the Legal Department when an assistant informed him that Ortolano had come to the office

---

[2] Attorney Bolton was later exonerated of Ortolano's allegations.

and wished to speak with him. Attorney Bolton exited his office and saw Ortolano bending over another assistant's desk, going through confidential files and paperwork. Attorney Bolton told Ortolano that she could not look through the Legal Department's files and that, going forward, she would be required to seek an appointment before being permitted entry to the Legal Department. Shortly thereafter, the Legal Department began locking its entry door and put up a sign informing the public that visits would be permitted by appointment only.

Ortolano also had encounters with City employees from other departments prior to January 2021. In 2018, the City reappraised Ortolano's property. The appraiser who evaluated Ortolano's property was named Greg Turgiss. Ortolano was dissatisfied with Turgiss's appraisal. In March 2019, Ortolano hired a private investigator to follow Turgiss during the workday while he drove around the City inspecting properties.[3] Ortolano assisted the private investigator in tracking Turgiss: she provided him with the license plate number and make and model of Turgiss's car; shared Turgiss's general work habits; and, on at least one occasion, waited in the public area of the Assessing Department and messaged the investigator when Turgiss left. In April 2019, the investigator produced a report, which Ortolano then provided to the City. She also asked the Nashua Police Department to open a criminal investigation into Turgiss, which they did.

---

[3] Ortolano testified that her dissatisfaction with Turgiss's appraisal was not what led her to commission the private investigator.

At the same time the police were conducting their investigation, Ortolano was emailing Kleiner asking to meet with particular members of the Assessing Department,[4] and would also come to the Assessing Department seeking to question assessors regarding their job duties. When Attorney Leonard denied Ortolano's request to meet with a particular employee of the Assessing Department, Ortolano called and attempted to set up a meeting with him anyway. One Assessing Department employee claimed that Ortolano waited outside the Assessing Department and approached her on her lunch break. Members of the Legal Department were aware of the private investigation Ortolano commissioned, the criminal investigation she initiated into an Assessing Department employee, and her attempts to question other members of the Assessing Department while that criminal investigation was ongoing.

As of January 2021, Ortolano was assisting two Nashua residents with property tax abatement applications. At the same time, Ortolano was represented by counsel in ongoing litigation against the City as well as one of Ortolano's own abatement actions. On January 17, 2021 (a Sunday), Ortolano submitted two abatement applications to Chief Assessor Richard Vincent, and asked that the cover pages of the applications be date stamped and emailed back as proof of receipt. On January 20, Ortolano followed up with Vincent, notifying him that she had not yet received the requested date stamps. Vincent responded that same day, confirming that he would look into why she had not yet received the date-stamped cover letters.

---

[4] Ortolano also asked the Police to open a criminal investigation into Kleiner.

Ortolano again followed up with Vincent via email after close of business on January 21, reiterating her concern that she had not yet received the date-stamped cover letters. She copied the Mayor of Nashua, the Board of Assessors, the Board of Aldermen, and members of the New Hampshire Department of Revenue Administration on this email. When Ortolano had not received a response by 9:00 a.m. the next morning, she went to City Hall.[5]

Ortolano testified that she went to City Hall with copies of the abatement applications she was hoping to have date stamped. When she arrived, she went to Administrative Services, but the lights were off.[6] She then went to the mayor's office on the second floor, but it was closed as well. Finally, Ortolano went to the third floor, where the Legal Department is located. As noted, there was a sign outside the Legal Department that said visits were permitted by appointment only, and the entrance door was locked. Ortolano knocked on the door, and an assistant named Mindy Lloyd answered, opening the door partway.[7] Ortolano asked to meet

---

[5] Vincent emailed Ortolano at 12:49 p.m. on January 22, notifying her that the Assessing Department had processed and logged all abatement applications in its possession, and that the Department had emailed copies of any requested date-stamped applications directly to the property owner. He later told Ortolano that she had not been provided with the date-stamped applications because Ortolano had not signed the portion of the applications indicating that she was representing the property owners.

[6] Nashua City Hall was under COVID-related restrictions on in-person work during this time.

[7] Lloyd was present for Ortolano's 2019 meeting at the Legal Department with Kleiner and Attorney Bolton. She testified that she recalled Ortolano raising her voice at that meeting. Lloyd was also present for the 2020 incident in which Attorney

with Attorney Jesse Neumann, who had begun working for the Legal Department the month prior and who was being tasked with responding to Right-to-Know requests. Lloyd asked Ortolano if she had an appointment, and Ortolano said she did not. Lloyd told Ortolano that Attorney Neumann was not available and that she could not come in without an appointment. Ortolano told Lloyd she was coming in anyway. Ortolano then pulled the door open and away from Lloyd's hand. Lloyd had to move out of the way to avoid being bumped by Ortolano as she entered the Legal Department.

As Ortolano made her way to the area of the Legal Department where the assistants' desks were located,[8] Lloyd continued to tell Ortolano that she was not permitted to be in the Legal Department and that she needed to leave. Attorney Neumann, who had been at his desk in the conference room, also got up and told Ortolano that she was trespassing and needed to leave. Ortolano refused to leave. According to Attorney Neumann, Ortolano continued to talk about abatement date stamps while also berating him and Lloyd.[9] Ortolano said she would not leave until someone assisted her, and then she sat down on the floor of the Legal Department outside of Attorney Leonard's office.

---

Bolton observed Ortolano going through confidential files on another assistant's desk and instructed her to leave.

[8] Lloyd testified that there were confidential documents on the legal assistants' desks.

[9] Lloyd testified that Ortolano never told her she was there to obtain date stamps on abatement applications. Attorney Leonard also testified that Ortolano never told her she was there to have paperwork stamped.

Lloyd called the Risk Management Department at City Hall, who instructed her to call the police. Around the same time, Attorney Leonard arrived at the office. Attorney Leonard also told Ortolano that she needed to leave and that Ortolano's behavior was hostile and threatening. Ortolano replied with words to the effect of, "Oh you poor baby," and said she would not leave unless the police made her leave. Ortolano then got up and sat down next to the main entrance to the Legal Department where she had come in.

Attorney Leonard testified that there were "a lot of reasons" she wanted Ortolano to leave:

> First and foremost, my colleagues had already expressed that they wanted her out of there, and my job is to support the office. Second, I knew she had no appointment to be there that day. There was no legitimate purpose for her to be there that day in our locked area. And the behavior of sitting on the floor was a departure from the few times she had been in there before, you know, either to drop something off, as she had testified, or there had been a meeting; even if it got heated with Attorney Bolton. When the time came to leave or she was asked to leave, she left. And this time, I knew that she had been asked to leave, and she hadn't. And beyond that, she was physically blocking the entrance to my office and it just – it needed to end. She needed to leave. We needed to get back to the business of what we were there to do.

Doc. no. 243 at 23-24.

Shortly after Lloyd called the police, Officer Timothy Roach of the Nashua Police Department arrived at the Legal Department. Officer Roach spoke with Ortolano and Attorney Leonard. Ortolano told Officer Roach that she was trying to obtain date stamps for abatement paperwork but the City had refused to respond to

her communications. She told Officer Roach that this upset her and caused her to go to the Legal Department that morning.

In speaking with Attorney Leonard, Officer Roach asked her if she wanted Ortolano "trespassed." Attorney Leonard testified that she thought Ortolano being trespassed would result in an order not to return to the Legal Department without an appointment for a specified period of time, as well as other "natural consequences" such as a criminal investigation and an arrest, "if warranted." Id. at 26-27. Attorney Leonard confirmed with Officer Roach that she wanted Ortolano trespassed. She did not explicitly state that she wanted Ortolano arrested, prosecuted, or for the police to open a criminal investigation.

Officers then informed Ortolano she was being trespassed from City Hall and could not return for a year unless she had an appointment. They also told her that she faced arrest if she returned within that time without an appointment. Ortolano expressed frustration "and also commented that she would probably be arrested as she would be back." Pl. Ex. 47 at 5. Officers then asked Ortolano to leave, and she did so.

Although officers told Ortolano on January 22 that she would be trespassed from City Hall, a Sergeant with the Nashua Police Department later informed a reporter that Ortolano was not being charged with a crime on the basis of her actions on January 22. This same reporter also spoke with Attorney Leonard. When the reporter informed Attorney Leonard of the Sergeant's statement that Ortolano would not be criminally charged, Attorney Leonard responded that she found this

"troublesome, to say the least," and that her "office will be speaking with police further." Pl. Ex. 51 at 3.

Attorney Bolton was not present at the Legal Department during the incident on January 22.[10] When he learned from his staff what transpired, he contacted Michael Carignan, who was then the Chief of Police for the Nashua Police Department. Attorney Bolton asked to meet with Chief Carignan, and the Chief agreed. At the meeting, Attorney Bolton expressed that all of the witnesses ought to be interviewed before making any decisions on what further action, if any, should be taken.[11] Chief Carignan told Attorney Bolton that the police considered the matter closed and would not be taking any further action.[12] However, a few days later, Chief Carignan contacted Attorney Bolton and informed him that an officer would interview the participants and witnesses. According to Chief Carignan, his subordinates elected to open an investigation after becoming aware of a social media post Ortolano made that caused officers to become concerned Ortolano would trespass at the Legal Department again.

---

[10] Attorney Bolton suffered a stroke in December 2020 and was hospitalized for three weeks. He testified that he could not recall the precise reason he was absent from the Legal Department the morning of January 22, but thought he probably had a follow-up medical appointment or physical or occupational therapy.

[11] Chief Carignan testified at trial that Attorney Bolton demanded Ortolano's arrest. He also testified that the Nashua Police Department generally does not arrest people for criminal trespass if they leave after being asked to do so by the police.

[12] Although Attorney Leonard attended this meeting as well, along with other high-ranking officials at the Police Department, Attorney Bolton and Chief Carignan were the only ones that spoke.

Officer Roach was placed in charge of the investigation.[13] He went to City Hall on February 1, 2021, and spoke with a City Hall employee named Jasmine Castro. Castro was working as a greeter on the ground level of City Hall on January 22. She told Officer Roach that Ortolano said she was there to speak with Kleiner in "reference [to] obtaining stamps for abatement documentation she had."[14] Pl. Ex. 47 at 8. Officer Roach made appointments to interview Lloyd, Attorney Neumann, and Attorney Leonard on February 3. He also reviewed video footage.

After Officer Roach completed his investigation, he applied for an arrest warrant for criminal trespass. See RSA 635:2. Based on an affidavit submitted in support of the arrest warrant's issuance, a Justice of the New Hampshire Circuit Court found probable cause to believe that Ortolano committed misdemeanor criminal trespass and authorized the issuance of an arrest warrant. See RSA 635:2, I, III(b)(2). Ortolano turned herself in on that warrant, and she was charged with criminal trespass as a class A misdemeanor. See RSA 635:2, I, III(b)(2); RSA 625:9, IV(c)(2). Ortolano, who was represented by retained counsel in this criminal proceeding, entered into a negotiated agreement with the State pursuant to which

---

[13] Officer Roach's police report states that, on February 1, 2021, he was "made aware by supervisors that City Hall through Attorney Celia Leonard had contacted the Nashua Police Department and wished to open an investigation into the incident that occurred on January 22, 2021 involving Laurie Ortolano." Pl. Ex. 47 at 6. Attorney Leonard denied speaking with any members of the Nashua Police Department between January 22 and her interview with Officer Roach after the investigation was reopened, and neither party called the supervisor referenced in Officer Roach's report.

[14] Although Kleiner oversaw the Assessing Department, her physical office was located in Administrative Services.

the State agreed to reduce the charge to a violation-level offense in exchange for Ortolano's plea of guilty to that reduced offense. See RSA 625:9, II(b) ("A violation does not constitute a crime and conviction of a violation shall not give rise to any disability or legal disadvantage based on conviction of a criminal offense."). The parties agreed that Ortolano would be sentenced to a $500 fine, all but $100 of which would be suspended for a period of one year, conditioned on Ortolano's good behavior and not entering the Legal Department at City Hall without an appointment. The state court accepted Ortolano's guilty plea and adopted the parties' proposed sentence. Ortolano subsequently had her conviction annulled.

Ortolano later brought this action against Attorneys Bolton and Leonard for retaliatory arrest. As noted, after a five-day trial, a jury returned a verdict for the defense.

## DISCUSSION

Ortolano moves for a new trial on four grounds. She argues that: (1) the verdict is against the clear weight of the evidence; (2) the court's jury instructions on causation were prejudicially erroneous; (3) the exclusion of evidence of a July 2022 interaction between Ortolano and Attorney Bolton unfairly prejudiced her case; and (4) the court's failure to exclude evidence that Ortolano used a sex-based epithet in public testimony when referring to Attorney Leonard in the months after the arrest was unfairly prejudicial. The court will address each argument in turn.

12

I.    The Verdict Is Not Against the Clear Weight of the Evidence

While Rule 59 permits a court to set aside a verdict if it is against the weight of the evidence, "[s]o long as a reasonable basis for the verdict exists, it should not be disturbed." Román Martínez v. Delta Maint. Serv., Inc., 229 F. Supp. 2d 79, 91 (D.P.R. 2002). A verdict is against the clear weight of the evidence only when "upholding the verdict will result in a miscarriage of justice." Marcano Rivera v. Turabo Med. Ctr. P'ship, 415 F.3d 162, 171 (1st Cir. 2005) (quoting Johnson v. Spencer Press of Me., Inc., 364 F.3d 368, 375 (1st Cir. 2004)).

There was a reasonable basis for the jury's verdict, and upholding it will not result in a miscarriage of justice. The jury heard evidence that Ortolano had engaged in behavior toward City Hall employees prior to January 2021 that could have caused a reasonable City Hall employee to be cautious in their interactions with Ortolano. Specifically, they heard evidence that Ortolano had: (1) attempted to view confidential files in the Legal Department; (2) commissioned a private investigation, and ultimately initiated a criminal investigation, into the assessor that evaluated her property; (3) waited outside the Assessing Department to approach an employee on their lunch break; (4) attempted to circumvent Attorney Leonard's denial of her request to speak with a particular Assessing Department employee; and (5) copied high-ranking City and state officials on emails to the Chief Assessor when he did not answer her questions in as expeditious a manner as she desired. The jury also heard testimony that, on January 22, 2021, Ortolano grabbed the entry door to the Legal Department from Lloyd's hands, and that Lloyd had to move out of the way to avoid being bumped as Ortolano entered the Legal

13

Department. Then, when Attorneys Neumann and Leonard repeatedly told Ortolano she was trespassing and needed to leave, Ortolano responded by calling Attorney Leonard a "poor baby" and stating she would not leave unless the police made her. And when Officer Roach told Ortolano on January 22 that she could not return to the Legal Department without an appointment, she responded that she would probably be arrested as she planned on returning.

Attorney Bolton credibly testified that he arranged to meet with Chief Carignan because the January 22 incident made him concerned for the safety of his staff. And Attorney Leonard similarly testified that she asked Officer Roach to trespass Ortolano because she found Ortolano's conduct on January 22 hostile, concerning, and an escalation from her prior behavior toward the Legal Department. Chief Carignan also offered credible testimony that he declined Attorney Bolton's request, and that the decision to open further investigations into the January 22 incident was made by his subordinates based on their concern that, absent an investigation, Ortolano would trespass at the Legal Department again. While the temporal proximity of only a few days between Attorney Bolton's request and the decision to reopen the investigation could have provided some basis for the jury to conclude that Attorney Bolton's request played a causal role in her ultimate arrest, there is a reasonable basis for the jury to have drawn the contrary conclusion. See doc. no. 232 at 10 (jury instructions on causation). Similarly, while there was some evidence that Attorney Leonard reached out to the Police Department requesting that an investigation be opened, Attorney Leonard denied

14

doing so, and the person whom she supposedly communicated with never testified. And, although Attorney Leonard attended the meeting between Attorney Bolton and Chief Carignan, it is undisputed that Attorney Leonard did not speak at this meeting. Thus, there was a reasonable basis grounded in competent evidence for the jury to have concluded that Attorney Leonard did not cause Ortolano's arrest. See id.

There was also a reasonable basis to conclude that the defendants' actions were not "motivated by an intent to retaliate against . . . Ortolano for engaging in constitutionally protected conduct." Id. at 11. Both attorneys credibly testified that they found Ortolano's behavior on January 22 concerning and that they were seeking to protect their staff. Attorney Bolton in particular offered powerful testimony (during cross-examination) regarding his state of mind:

> Q: Did you also indicate [to a reporter]: In this case, happily, no one was injured or worse.
> A: I may have said that. I was happy no one was hurt.
> Q: Well, what was the or worse? What were you thinking when you said or worse?
> A: Worse than being injured?
> Q: Yeah. What's worse than being injured?
> A: Death.
> Q: Okay.
> A: Would you like me to explain what was in my mind when I said that?
> Q: Go ahead.
> A: Some years ago up in Colebrook a man named Carl Drega waked into a lawyer's office. The lawyer's name was Vickie Bunnell. She happened to be the selectperson, assessor, in the neighboring town of Clarksville. Mr. Drega was unhappy with the tax assessment on his property, and he had a dispute with the town and its board of selectpersons over that. Mr. Drega walked into Attorney Bunnell's office, shot and killed her, and killed a person

15

> . . . in the neighboring office. These things do happen. I was
> very happy that nothing like that happened in my office.

Doc. no. 247 at 40-41. Especially given Ortolano's history of high-conflict interactions with City Hall employees discussed above, there was a reasonable basis for the jury to conclude that Attorneys Bolton and Leonard were not motivated by animus against Ortolano's records requests, lawsuits, or public criticism, but rather by a bona fide concern regarding the possibility that Ortolano's conduct would continue to escalate.

For these reasons, the verdict is not against the clear weight of the evidence.

II.     The Court's Jury Instructions on Causation Were Not Prejudicially Erroneous

Ortolano sued Attorneys Bolton and Leonard under 42 U.S.C. § 1983. Section 1983 restricts liability to persons whose conduct causes a violation of the plaintiff's federal rights. Hewes v. Pangburn, 162 F.4th 177, 190 (1st Cir. 2025). "The element of causation is 'similar to that of ordinary tort law.'" Id. (quoting Maldonado Santiago v. Velazquez Garcia, 821 F.2d 822, 831 (1st Cir. 1987)). At trial, the court instructed the jury that, to hold a defendant liable to Ortolano, the jury had to find by a preponderance of the evidence that the defendant's conduct was both a factual cause and a proximate cause of Ortolano's arrest. See doc. no. 232 at 10;[15] see also Drumgold v. Callahan, 707 F.3d 28, 48-49 (1st Cir. 2013). The court explained that

---

[15] Instead of using the phrases "factual cause" and "proximate cause," which would have created the possibility of juror confusion, the court simply labeled them as separate components of causation, both of which needed to be present in order for a defendant to be liable. See doc. no. 232 at 10.

16

a defendant's conduct is a factual cause of a plaintiff's harm when, (1) but for the defendant's actions, the harm would not have occurred, or (2) when the harm was brought about by the defendant's actions and another person's unrelated actions, each of which would have been sufficient by itself to cause the harm. Doc. no. 232 at 10; see Drumgold, 707 F.3d at 48-49. The court also explained that a defendant's conduct is a proximate cause of a plaintiff's harm when the harm was a reasonably foreseeable consequence of the defendant's actions. Doc. no. 232 at 10; see Drumgold, 707 F.3d at 48.

During the trial, Ortolano submitted a proposed jury instruction on causation that would have instructed the jury that a defendant "causes an arrest if the defendant's actions set in motion events that the defendant knew or reasonably should have known would lead to the arrest." Doc. no. 230 at 2. Ortolano contends that the court committed prejudicial instructional error by failing to include her requested language. She submits that the prejudicial nature of the court's instructions is highlighted by a question from the jury during deliberations regarding causation.

As an initial matter, Ortolano fails to demonstrate that her challenge to the court's instruction on causation is preserved. Federal Rule of Civil Procedure 51 provides that the court must give the parties an opportunity to object to the court's proposed jury instructions "on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2). An objection to a proposed instruction is timely if it is made "at the opportunity provided under Rule

17

51(b)(2)." Fed. R. Civ. P. 51(c)(2)(A). "A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). The First Circuit strictly construes Rule 51: "[E]ven if the initial request is made in detail, the party who seeks but did not get the instruction must object again . . . before the jury retires for deliberations."[16] Gray v. Genlyte Grp., Inc., 289 F.3d 128, 134 (1st Cir. 2002) (emphases omitted).

The court held a charging conference the morning after Ortolano filed her proposed instruction on causation. See doc. no. 243 at 1-11. At the charging conference, Ortolano advocated for keeping the court's instruction on but-for causation, and stated she was "happy with the way the Court" divided factual cause and proximate cause. Doc. no. 243 at 5-6. The court held another charging conference on February 9, where it notified the parties that it was finalizing the jury instructions and therefore was providing the parties "a last opportunity to put anything on the record" regarding the court's instructions before it instructed the jury. Doc. no. 249 at 2. Ortolano stated she had no further objections. Thus, while Ortolano submitted proposed jury instructions with language regarding causation that she preferred, she did not object to the court's failure to include her preferred language prior to commencement of the jury's deliberations.

---

[16] This rule has come under criticism in recent years. See United States v. Serrano-Delgado, 29 F.4th 16, 25 (1st Cir. 2022) (highlighting critiques from Barron, J., Kayatta, J., and Lipez, J.). Nevertheless, this court "has no power to ignore it as circuit precedent." Id.

But even if Ortolano had preserved her objection, she fails to demonstrate that the court's instructions on causation were erroneous. In support of her requested language, Ortolano pointed to Sanchez v. Pereira-Castillo, 590 F.3d 31 (1st Cir. 2009), where the First Circuit explained that the causal connection required by § 1983 "can be established not only by some kind of personal participation in the deprivation [of the plaintiff's federal rights], but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Sanchez, 590 F.3d at 50 (brackets omitted) (quoting Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 561 (1st Cir. 1989)); see doc. no. 230 at 2 n.1. This court's instructions adequately conveyed that concept.

Specifically, the court explained to the jury that a defendant could be liable to Ortolano only if the jury found that, (1) but for the defendant's conduct, Ortolano would not have been arrested, and (2) that Ortolano's arrest was a reasonably foreseeable consequence of the defendant's conduct. The concept of but-for causation encompasses both active participation in the complained-of constitutional injury as well as setting in motion actions that result in the injury and which, but for the defendant's conduct, would not have transpired. See, e.g., Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 10 (1st Cir. 2015) (rejecting argument that private parties' conduct constitutes state action whenever a state actor is the but-for cause of the private conduct because it would mean that, "[a]ny time the state performs an action that sets in motion some subsequent action by a private party—say, issuing a driver's

19

license—the private party could be deemed to have acted jointly with the state"). "Although a trial court is required to convey the proper legal standards in its jury instructions, its word choices as among acceptable formulations are largely discretionary." United States v. Sabean, 885 F.3d 27, 45 (1st Cir. 2018). So long as the court's instructions provide an "appropriate legal framework for jury consideration of" the plaintiff's contention, a court does not "err in refusing to parrot [the plaintiff's] preferred wording in its jury instructions." United States v. Sampson, 486 F.3d 13, 38 (1st Cir. 2007).

Nor does the jury's question regarding causation demonstrate that the jury struggled to understand the concept of but-for causation. During deliberations, the jury submitted the following question:

> [F]or the second claim[17] are we looking at it trying to prove an illegal approach towards getting an arrest? Or just that they called and asked for an investigation? We need some clarity on this claim.

Doc. no. 237. After showing the jury's question to the parties, the court explained its understanding that the jury was asking whether Ortolano needed to demonstrate that the acts taken by Attorneys Bolton and Leonard alleged to have caused her arrest were themselves illegal, or whether Ortolano simply needed to prove that Bolton and Leonard engaged in conduct that led to the arrest. See doc. no. 249 at 7. The court's answer, which it refined based on input from the parties, informed the jury that, to satisfy factual causation, Ortolano was "not required to prove that the

---

[17] Causation was the second element listed in the court's jury instructions. See doc. no. 232 at 9-10

defendant's actions—that she alleges to have caused her arrest—were themselves illegal." Doc. no. 239. After receiving this response, the jury had no further questions, and shortly thereafter returned a verdict.

Far from demonstrating that the jury was confused about the concept of but-for causation, the jury's question shows only that jurors sought clarification regarding whether Ortolano needed to show that the defendant's "approach towards getting an arrest" was itself unlawful. Doc. no. 237. What is more, at a conference with the parties to discuss the jury's question, Ortolano requested that the court respond to the jury's question with her preferred language, and the court responded that the court's causation instruction already "essentially included" the information conveyed by Ortolano's preferred language, though not "in those exact words." Doc. no. 249 at 6. Ortolano indicated that she understood and agreed with the court's position.

Finally, the court is not persuaded by Ortolano's argument that she was prejudiced by the use of a general verdict form instead of her proposed special verdict form. "It is a fundamental proposition that a party is not entitled to the use of a special verdict under Federal Rule 49(a) as a matter of right." 9B Wright & Miller's Federal Practice & Procedure § 2505 (3d ed.) [hereinafter "Wright and Miller"]. A general verdict form is adequate so long as, when read in conjunction with the court's instructions, the verdict form allows the jury to resolve "all factual issues essential to judgment." Santos v. Posadas de P.R. Assocs., Inc., 452 F.3d 59, 65 (1st Cir. 2006) (quoting Sheek v. Asia Badger, Inc., 235 F.3d 687, 699 (1st Cir.

2000)). A district court's discretion to use or forego a special verdict form is so broad that "there appears never to have been a reversal on this ground." Wright & Miller, supra § 2505.

Ortolano's proposed special verdict form was ten pages long. See doc. no. 231-1. It would have required the jury to consider the evidence as to each defendant simultaneously, as opposed to permitting the jury to fully resolve whether Ortolano proved her claim against one defendant before then evaluating whether she proved her claim against the other. See doc. no. 232 at 8 (jury instructions) (instructing jury that "it is important to remember that the claims against each defendant are separate," that a verdict for or against one defendant does not by itself mean the same verdict should be reached as to the other, and that "[t]he parties are entitled to fair, separate, and individual consideration of the evidence"). Ortolano's proposed verdict form also would have required the jury to determine the specific amount of compensatory damages that each defendant was liable for, as opposed to simply determining the total amount of damages needed to compensate Ortolano for her harm. However, "[f]ederal common law principles of tort and damages govern recovery under section 1983," and "[i]t is axiomatic that where several independent actors concurrently or consecutively produce a single, indivisible injury, each actor will be held jointly and severally liable for the entire injury." Watts v. Laurent, 774 F.2d 168, 179 (7th Cir. 1985); see also, e.g., Chao v. Ballista, C.A. No. 07cv10934-NG, 2011 WL 13244758, at *1 (D. Mass. May 5, 2011) (explaining that § 1983 "creates a 'species of tort liability,'" and that, where the plaintiff's injury "is a single

22

and indivisible result of torts committed by multiple tortfeasors, those tortfeasors

are jointly and severally liable . . . even when they do not act in concert" (quoting

<mark>Carey v. Piphus, 435 U.S. 247, 253 (1978))</mark>). Because Ortolano's special verdict form

would have created a risk of jury confusion, was inconsistent with the court's

instructions, and inaccurately applied the law of damages, Ortolano was not

prejudiced by the court's failure to use her proposed verdict form.

III.     Excluding Evidence of a July 2022 Interaction Between Ortolano and
         Attorney Bolton Did Not Unfairly Prejudice Ortolano's Case

Prior to trial, Attorneys Bolton and Leonard moved to exclude evidence of a

July 2022 encounter between Ortolano and Attorney Bolton at City Hall. In

competing affidavits submitted at summary judgment, Attorney Bolton and

Ortolano sharply disputed the circumstances of this encounter. See doc. nos. 71-2,

75-2.

According to Attorney Bolton, he was attempting to leave the Legal

Department on July 22, 2022, when he encountered Ortolano in a hallway. Attorney

Bolton claimed that Ortolano was preventing him from leaving and he directed her

to move out of the way, but she refused. Ortolano then called the police, claiming

that Attorney Bolton was assaulting her.

According to Ortolano, she was in the hallway outside the Legal Department

on July 22, 2022, speaking with a legal assistant on the phone. She claimed that

Attorney Bolton entered the hallway from the Legal Department and immediately

began yelling that she could not be in the hallway, that she was not allowed to call

anyone in the Legal Department, and that he could have her arrested. Because she

feared that Attorney Bolton would call the police, Ortolano called the police first to relay her account of what happened.

The parties did not dispute, however, that the police made no arrests regarding this incident. Moreover, this July 2022 event occurred approximately a year-and-a-half after the January 2021 incident and the ensuing criminal investigation and arrest—which was the only allegedly retaliatory action before the jury. Prior to trial, Attorneys Bolton and Leonard moved in limine to exclude evidence of the July 2022 encounter. The court granted that motion, finding that the encounter had limited relevance to Attorney Bolton's intent regarding the January 2021 incident, as it occurred more than a year later. See doc. nos. 166 at 2 (memorialization of oral ruling), 204 at 37-38 (transcript of oral ruling). Moreover, the court found that the probative value of the evidence was substantially outweighed by the dangers of jury confusion, creating a trial within a trial, and unfair prejudice. See doc. nos. 166 at 2, 204 at 37-38; see also Fed. R. Evid. 403.

Ortolano now moves for a new trial on the basis that the exclusion of this evidence prejudiced her case. Ortolano's arguments merely reiterate contentions that this court has repeatedly rejected. See doc. no. 196 at 3-5, 7-8 (recounting Ortolano's three motions to reconsider the ruling excluding evidence of the July 2022 encounter). Whether Attorney Bolton bore animus toward Ortolano in July of 2022 has limited relevance to whether he bore animus toward her in January and February of 2021. Moreover, given the inflammatory nature of the July 2022 encounter and the parties' starkly contrasting accounts of what transpired, allowing

24

evidence of the July 2022 encounter would have created a trial-within-a-trial as both sides marshaled evidence to persuade the jury that their version was correct. The amount of time the parties would have devoted to the July 2022 encounter would have distracted the jury from the task in front of them: determining whether Attorney Bolton subjected Ortolano to a retaliatory arrest more than a year earlier. The time spent discussing the July 2022 incident would also have introduced a significant likelihood of jury confusion, as jurors could have been confused as to whether they were supposed to evaluate if Attorney Bolton retaliated against Ortolano in 2021, 2022, or both. In short, Ortolano provides no basis to disturb the court's conclusion that the limited probative value of the July 2022 encounter was substantially outweighed by the dangers of jury confusion, creating a trial within a trial, and unfair prejudice. See Fed. R. Evid. 403.

IV.    The Admission of Evidence that Ortolano Was Not Emotionally Distressed Following Her Arrest Was Proper

Prior to trial, Ortolano moved to exclude evidence that, at a meeting of the Board of Assessors in August 2021, she stated in public testimony that Attorney Leonard's behavior during the January 2021 incident was the "cuntiest" Ortolano had ever seen. Def. Ex. GG at 3. The court denied Ortolano's motion, finding the evidence relevant to rebut Ortolano's assertion that the arrest caused her emotional distress damages. Ortolano now moves for a new trial on the basis that the admission of this evidence was unfairly prejudicial.

The court disagrees. Ortolano testified at trial that the arrest distressed her so much that she lost sleep, gained weight, and even developed "respiratory and

25

stomach problems." Doc. no. 252 at 59. She also testified that the arrest caused her to fear for her safety to the point that she "didn't walk [her] dog at night" and "generally avoided" City Hall. Id. at 60-61. Ortolano's August 2021 public testimony—which was offered within approximately a month of her guilty plea— was highly relevant to refute Ortolano's claims of emotional distress and that she feared additional retaliation.[18]

## CONCLUSION

For all of these reasons, Ortolano's motions for a new trial (doc. nos. 244 & 245) are denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 24, 2026

cc:   Counsel of Record

---

[18] While the court would have entertained a limiting instruction regarding this evidence, Ortolano did not request one.

26