**UNITED STATES COURT OF APPEALS**
**FOR THE FIRST CIRCUIT**

#26-1600

Laurie Ortolano
Plaintiff-Appellant

v.

Steven Bolton and Celia Leonard
Defendants-Appellees

## APPELLEES' MOTION FOR SUMMARY DISPOSITION

Steven Bolton and Celia Leonard, Appellees, respectfully move, pursuant to

Local Rule 27.0(c), for summary disposition of this appeal as it presents no

substantial question. In support hereof, Appellees state as follows:

## Introduction

Plaintiff-Appellant Laurie Ortolano ("Ortolano") sued Steven Bolton and

Celia Leonard, Corporation Counsel and Deputy Corporation Counsel,

respectively, for the City of Nashua (the "City"), and several other City officials

and private parties, including the Mayor, the Chief of Police, and the Director of

Administrative Services, alleging a litany of claims arising from her perceived

mistreatment by the City as a whole and these individuals in particular. After two

rounds of dispositive motions resulted in the dismissal or judgment in favor of all

other parties and claims – none of which have been appealed – just one claim

proceeded to trial: a claim of retaliatory arrest in violation of her first amendment

1

rights against Bolton and Leonard following her trespass at the City's legal department in January of 2021. After a five-day trial, the jury rejected her claims and found in favor of Bolton and Leonard.

Ortolano moved for a new trial, arguing that (1) the verdict was against the weight of the evidence, (2) the Court's jury instructions regarding causation and the Court's verdict form were prejudicially erroneous, and (3) the district court's rulings admitting certain evidence and excluding other evidence were unfairly prejudicial.

On April 24, 2026, the district court denied the motion in a comprehensive 26-page order (the "Order") detailing the evidence presented and explaining the propriety of each challenged action. *See* Exhibit 1.

Ortolano has appealed, but presents no substantial question, and summary affirmance of the judgment and Order denying a new trial is proper.

**<u>Standards of Review</u>**

This Court applies the following standards of review to the various assignments of error:

<u>Weight of the Evidence</u>

We review denial of a motion for new trial for abuse of discretion, a similarly stringent standard which recognizes that a district court should grant such a motion "only if the verdict is against the demonstrable weight of the credible evidence or results in a blatant miscarriage of justice." *Sanchez v. Puerto Rico Oil Co.*, 37 F.3d 712, 717 (1st Cir. 1994).

*Foisy v. Royal Maccabees Life Ins. Co.*, 356 F.3d 141, 146 (1st Cir. 2004).

<u>Evidentiary Rulings</u>

We review a preserved objection to the district court's admission or exclusion of evidence for abuse of discretion. *See Kilmartin*, 944 F.3d at 335. A discretionary decision, however, "cannot be set aside by a reviewing court unless it has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Schubert v. Nissan Motor Corp.*, 148 F.3d 25, 30 (1st Cir. 1998) (quoting *In re Josephson*, 218 F.2d 174, 182 (1st Cir. 1954)). We add, moreover, that abuse of discretion is not a monolithic standard. *See United States v. Padilla-Galarza*, 990 F.3d 60, 73 (1st Cir. 2021). It "encompasses 'de novo review of abstract questions of law, clear error review of findings of fact, and deferential review of judgment calls.'" *Id.* (quoting *United States v. Lewis*, 517 F.3d 20, 24 (1st Cir. 2008)).

*Ward v. Schaefer*, 91 F.4th 538, 543 (1st Cir. 2024).

<u>Jury Instructions</u>

The standard of review for instructional error turns on the particular claim of error. *See Shervin v. Partners Healthcare Sys., Inc.*, 804 F.3d 23, 47 (1st Cir. 2015). "We review de novo questions about whether a given instruction is, in substance, legally correct." *Id.* In doing so, we must remember that "[j]ury instructions are intended to furnish a set of directions composing, in the aggregate, the proper legal standards to be applied by lay jurors in determining the issues that they must resolve in a particular case." *United States v. DeStefano*, 59 F.3d 1, 2 (1st Cir. 1995). "We review for abuse of discretion the particular wording chosen to convey a concept to the jury." *Shervin*, 804 F.3d at 47. The wording of the instruction must "adequately illuminate the law applicable to the controverted issues in the case without unduly complicating matters or misleading the jury." *Testa v. Wal-Mart Stores, Inc.*, 144 F.3d 173, 175 (1st Cir. 1998).

If, however, the asserted error is failure to give a requested instruction, "the omitted instruction [must be] integral to an important part of the case and its

content [must be legally correct and] not otherwise substantially covered by the instructions as given." *Shervin*, 804 F.3d at 47.

*Id.* at 545-546.

**Summary of Order**

The district court's Order denying Ortolano's motion for new trial detailed the evidence presented to the jury through eight witnesses and 94 exhibits. *See* Order at 5-12. It applied familiar standards of review to each alleged error.

In brief summary, the jury heard and saw that Ortolano had extensive interactions with Nashua City Hall. These included numerous public records requests, public statements criticizing various city officials (including Bolton and Leonard), and previous lawsuits against the City. The evidence also demonstrated that Ortolano had prior visits to the legal department, including one incident where Bolton witnessed Ortolano bending over another assistant's desk, going through confidential files and paperwork. This led to a "by appointment only" policy at the City's legal department.

On January 22, 2021, Ortolano entered the legal department without an appointment or permission, and in complete disregard of the legal department's "by appointment only" sign. The jury heard testimony that one of the legal department's assistants, Mindy Lloyd, advised Ortolano that she could not enter the legal department without an appointment, that Ortolano told Ms. Lloyd she was coming in anyway, that Ortolano pulled the door open and away from Ms. Lloyd's

4

hand, and that Ms. Lloyd had to move out of the way to avoid contact with Ms. Ortolano. Notwithstanding requests by several employees that Ortolano leave the legal department because she was trespassing, the jury heard that she refused to do so and instead sat on the floor of the legal department. The police were called, and she ultimately left with them.

After further investigation and consideration, the City's police department charged Ortolano with criminal trespass, to which she later pled guilty (and ultimately her conviction was annulled).[1]

The gravamen of Ortolano's complaint was that Bolton and Leonard, in their capacities of Corporation Counsel and Deputy Corporation Counsel for the City, successfully pressured the City's police department to charge her in retaliation for her criticism of city officials and other such activity, in violation of her First Amendment rights.

---

[1] Bolton and Leonard had unsuccessfully moved for summary judgment on several grounds, including the fact that Ortolano pled guilty to criminal trespass, and accordingly, this served as a bar to a claim of retaliatory arrest. The district court, over the objection of Bolton and Leonard, permitted Ortolano to rely on certain allegedly "similarly situated" incidents of trespass in City Hall that did not result in an arrest. In the event full briefing occurs in this appeal, this will be an alternative ground on which Bolton and Leonard will seek affirmance of the judgment in their favor. *See Kress Stores of P.R., Inc. v. Wal-Mart P.R., Inc.*, 121 F.4th 228, 244 (1st Cir. 2024) ("Under well-established principles, Costco is free to raise on appeal any argument made manifest in the record as an alternative ground for affirming the district court's judgment dismissing the claims against it.") (citing *Haley v. City of Boston*, 657 F.3d 39, 53 (1st Cir. 2011)).

Bolton and Leonard, and the police department through its then chief and other officers, denied this in testimony the district court (and clearly the jury) found credible.

I.      <u>Weight of the Evidence</u>

As to Ortolano's argument that the verdict was against the clear weight of the evidence, one need only consider the detailed recitation of the evidence before the jury set forth in the Order denying a new trial at 5–12. In addition, the Order at 13–16 recites the particularly material evidence that demonstrates Ortolano cannot meet her heavy burden on this issue, finding that there was reasonable basis for the jury's verdict and that upholding the verdict would not result in a miscarriage of justice. In its Order, the Court noted that the jury heard evidence of (1) Ortolano's behavior prior to January 2021 which "could have caused a reasonable City Hall employee to be cautious in their interactions with Ortolano,"  and (2) her concerning behavior on January 22, 2021, including the fact that Ortolano grabbed the entry door to the legal department from Ms. Lloyd's hands and that Ms. Lloyd had to move out of the way to avoid contact with Ortolano, that she name-called Leonard and stated she would only leave if the police forced her to, and that, after being told by the City's police that she could not return to the legal department without an appointment, she stated to the police that she would likely be arrested because she would be back.  The Order also noted that the jury heard evidence

demonstrating that Bolton and Leonard's actions were not motivated by retaliation, but by concern for staff safety. Given the broad deference accorded the district court on such a motion with respect to the weight of the evidence presented, Ortolano presents no substantial question for consideration by this Court.

II.    Jury Instructions and Verdict Form

In her motion for new trial, Ortolano challenged the district court's jury instruction regarding causation, the district court's response to a jury question, and the jury verdict form that was used. As explained in detail in the Order denying a new trial, at 16–23, none of these contentions has any merit. The district court's causation instructions properly conveyed the applicable law to the jury.  The response to the jury's question, incorporating input from the parties prior to its issuance, was not only proper, but demonstrated the correctness of the instructions themselves.  The use of a general verdict form did not create any prejudicial error.

And importantly, as the district court expressed in its Order at 17, Ortolano failed to preserve her challenges to the alleged errors regarding the Court's causation instruction and the Court's response to the jury instruction. Ortolano was required to raise her objection to the instructions "at the opportunity provided under Rule 51(b)(2)." Fed. R. Civ. P. 51(c)(2)(A). As the Court noted in its Order, the First Circuit strictly construes Rule 51. *See* Order at 18 (quoting *Gray v. Genlyte Grp., Inc.*, 289 F.3d 128, 134 (1st Cir. 2002) ("[E]ven if the initial request

7

is made in detail, the party who seeks but did not get the instruction must object again . . . before the jury retires for deliberations.")).

Ortolano failed to do so, filing only a proposed instruction on causation, but not raising any objection to the Court's instruction or the Court's decision to not include the language of her proposed instruction. Further, with respect to the Court's answer to the question raised by the jury during their deliberations, Ortolano only requested that the Court include her preferred language in its response, and after an explanation from the Court that the Court's causation instruction effectively did include her preferred language, Ortolano did not further object and agreed with the Court's position. Accordingly, the appeal does not present any substantial questions in this regard.

Finally, the district court properly found that Ortolano was not prejudiced by the Court's use of a general verdict form instead of her proposed special verdict form, noting that parties are not entitled to special verdict forms as a matter of right, that Ortolano's special verdict form could have confused the jury, was not aligned with the Court's instructions, and was not consistent with the law of damages. Importantly, the district court noted in its Order that the district court's discretion with respect to verdict forms is so broad that "there appears never to have been a reversal on this ground." Order at 22 (quoting 9B Wright & Miller's

8

Federal Practice & Procedure § 2505 (3d ed.)). Accordingly, no substantial question exists with respect to this issue.

<u>Evidentiary Rulings</u>

In her motion for new trial, Ortolano took issue with two evidentiary rulings, one admitting and one excluding certain evidence. The district court resolved the contested evidentiary rulings based on familiar principles, and Ortolano presents no substantial question with respect to either of them.

III.    <u>Exclusion of July 2022 Incident</u>

The district court excluded evidence of an incident in July <u>2022</u> involving Ortolano and Bolton. As noted in the district court's Order denying a new trial at 23-25, the parties had starkly different versions of the July 2022 incident, which occurred a year and a half after the events leading to the alleged retaliatory arrest in January <u>2021</u>.  Therefore, it had marginal relevance given that the event had no bearing on Bolton's state of mind and intent in January 2021, would have led to a lengthy trial within a trial, and the admittance of such evidence risked distraction and confusion for the jury. The district court previously ruled on this issue three separate times, prior to trial. Given the broad deference accorded the district court in such matters, and the absence of any demonstrable prejudice to Ortolano, the ruling excluding this incident from evidence was proper, and summary affirmance is appropriate.

IV.     Emotional Distress

Ortolano also appeals the district court's decision to admit evidence that she was not emotionally distressed following her arrest. Specifically, the district court admitted evidence of Ortolano's public testimony at a meeting of the Board of Assessors in August 2021 (approximately within one month of her guilty plea to the arrest), that Leonard's behavior during the January 2021 incident was the "cuntiest" behavior Ortolano had ever seen. This evidence directly contradicted Ortolano's claims that she was emotionally distressed following the arrest (including that she "feared for her safety" and "generally avoided" City Hall), and was properly admitted as it was highly relevant to the Appellees' ability to refute Ortolano's alleged emotional distress damages. No occasion exists to challenge this ruling, and summary affirmance of this issue is appropriate.

**Conclusion**

The Court may "dismiss [an] appeal or other request for relief or affirm and enforce the judgment or order below if . . . it shall clearly appear that no substantial question is presented." Local Rule 27.0(c); *see Decoulos v. Town of Aquinnah, No. 18-1820, 2019 U.S. App. LEXIS 39641, \*1-2* (1st Cir. 2019) (granting appellees' motion for summary disposition where no substantial question was presented and affirming the district court's dismissal of the complaint "substantially for the reasons set forth by the district court in its July 24, 2018 Memorandum and Order

10

on Motions to Dismiss."). For the foregoing reasons, this appeal does not present a substantial question, and accordingly, summary affirmance is appropriate.

WHEREFORE, Appellees respectfully request that this Honorable Court:

A.     Grant Appellees' Motion for Summary Disposition;

B.     Affirm the final judgment and the District Court's April 24, 2026 Order denying Appellant's motion for new trial;

C.     Dismiss this appeal; and

D.     Grant such other and further relief as may be equitable and just.

<div style="margin-left:40%;">

Respectfully submitted,

**Steven A. Bolton,**

By his Counsel,

**UPTON & HATFIELD, LLP,**

</div>

Date:  June 9, 2026

/s/ Russell F. Hilliard
Russell F. Hilliard
1st Circuit Court of Appeals #14103
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

and

**Celia K. Leonard**

By her Counsel,

**CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated:  June 9, 2026

/s/ Brian J.S. Cullen
Brian J.S. Cullen
1st Circuit Court of Appeals #99808
37 Technology Way, Suite 3W2
Nashua, NH  03060
(603) 881-5500
bcullen@cullencollimore.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard

**Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

   ☒ this document contains 2,515 words, or

   ☐ this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒ this document has been prepared in a proportionally spaced typeface using Times New Roman  in 14 font, or

   ☐ This document has been prepared in a monospaced typeface using _____.

/s/ Russell F. Hilliard
Russell F. Hilliard; 1st Circuit Court of Appeals #14103
Attorney for Steven Bolton
Dated:  June 9, 2026

13