# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

## No. 26-1600

LAURIE ORTOLANO,

*Plaintiff-Appellant,*

v.

STEVEN BOLTON and CELIA LEONARD,

*Defendants-Appellees.*

## APPELLANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE
### (Numerous Filings)

Appellant Laurie Ortolano, by and through her counsel, respectfully moves this Court under Federal Rule of Appellate Procedure 26(b) for an enlargement of time, up to and including July 1, 2026, within which to file the following four documents, each of which is filed contemporaneously with this motion: (1) the Appearance Form of William E. Aivalikles; (2) the Docketing Statement required by First Circuit Local Rule 3.0; (3) the Transcript Order/Report Form required by Federal Rule of Appellate Procedure 10(b) and First Circuit Local Rule 10.0; and (4) Appellant's Opposition to Appellees' Motion for Summary Disposition. In support, Appellant states as follows:

## BACKGROUND

1. This appeal was docketed on May 26, 2026. By docket notice entered May 28, 2026, the Clerk directed that the Appearance Form, Docketing Statement, and Transcript Report/Order Form be filed by June 11, 2026.

2. On June 9, 2026, Appellees Steven Bolton and Celia Leonard filed and served a Motion to Dismiss or for Summary Disposition under First Circuit Local Rule 27.0(c). Under Federal Rule of Appellate Procedure 27(a)(3)(A), Appellant's response was due within ten days after service of the motion—that is, by June 19, 2026.

3. Appellant did not file the four documents by their respective deadlines. The reasons are set forth in the accompanying Affidavit of Samson Racioppi and are summarized below.

4. No briefing schedule has been set, the record on appeal is not yet complete, and the Court has not entered any order to show cause or any order dismissing the appeal for want of diligent prosecution. A mediation conference is scheduled for August 11, 2026, with pre-conference submissions due August 4, 2026.

## REASON FOR THE DELAY

5. Assisting counsel Samson Racioppi was primarily responsible for preparing and filing the four documents. Each was substantially prepared before its deadline,

and the Opposition to the Motion for Summary Disposition was drafted and ready for final review.

6. On Friday, June 26, 2026, before the documents had been filed, the laptop computer on which they and counsel's related case communications were stored suffered a hardware failure that rendered the device inoperable and the files inaccessible. The materials remained beyond counsel's reach through the weekend.

7. On Monday, June 29, 2026, counsel obtained and configured a replacement computer, reinstalled the necessary software, and recovered the affected files. Only minor revisions were required to finalize the documents, which are now complete and filed with this motion.

8. Additional facts concerning the delay, including counsel's personal circumstances and the status of his pending admission to the bar of this Court, are set forth in the accompanying Affidavit.

## **ARGUMENT**

9. Rule 26(b) authorizes the relief requested. For good cause, the Court "may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires." Fed. R. App. P. 26(b). None of the four documents falls within the two categories the Court may not enlarge—a notice of appeal or petition for permission to appeal, and agency-review notices. See id.

26(b)(1)–(2). A motion for enlargement of time is a routine, procedural motion that the Clerk is authorized to grant. See 1st Cir. R. 27.0(d); 1st Cir. I.O.P. V(C); Fed. R. App. P. 27(b).

10. Because the deadlines have passed, the request is properly evaluated under the excusable-neglect standard set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). The relevant considerations—the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay and whether it was within the movant's reasonable control, and whether the movant acted in good faith—each favor granting this motion.

11. **No prejudice.** Appellees will suffer no prejudice from the brief enlargement requested. No briefing schedule has issued, the record is not complete, and the requested relief does not disturb the August 4 and August 11, 2026 mediation dates. Appellees' Motion for Summary Disposition remains fully subject to their reply under Federal Rule of Appellate Procedure 27(a)(4).

12. **Short delay; no impact on the Court's schedule.** The delay is measured in days, not months. Granting the motion allows the appeal to proceed on the schedule the Court has already contemplated and requires no rescheduling of any deadline, conference, or argument.

13. **Reason for the delay.** The delay resulted principally from a sudden hardware failure that placed the completed and near-completed documents beyond counsel's control for several days. Counsel acted promptly to restore access and to file, as detailed in the accompanying Affidavit.

14. **Good faith.** Appellant and counsel have acted in good faith and with no purpose of delay. The substantive Opposition was prepared before the deadline, and counsel moved to cure the deficiency at the first practical opportunity. Granting the motion serves the strong preference for deciding appeals on their merits rather than on procedural default.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court enlarge the time, up to and including July 1, 2026, within which to file the Appearance Form of William E. Aivalikles, the Docketing Statement, the Transcript Order/Report Form, and the Opposition to the Motion for Summary Disposition, and that the Court accept those four documents, filed contemporaneously with this motion, as timely filed.

**Dated: July 1, 2026**          Respectfully Submitted,

Plaintiff Laurie Ortolano.
By her Attorneys,

/s/ Samson Racioppi
Samson Racioppi, Esq.
Racioppi Law Office
10 Royal Oak Drive
Nashua, NH 03064
(603) 713=8587
samson@racioppilaw.com
*Pending admission to First Circuit*

*/s/ William Aivalikles*
William Aivalikles, Esq.
First Circuit Bar #19697
Law Office of William Aivalikles
253 Main Street
Nashua, NH 03060
(603)880-0303
william@nhtriallaw.com

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Rule 32(f), it contains 878 words. This motion also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

/s/ William Aivalikles
William Aivalikles, Esq.

## CERTIFICATE OF SERVICE

I certify that on July 1, 2026, the foregoing motion was filed through the Court's CM/ECF system, which will serve the Notice of Docket Activity on all counsel of record, who are registered ECF filers.

/s/ William Aivalikles
William Aivalikles, Esq.