#26-1600

Laurie Ortolano
Plaintiff-Appellant

v.

Steven Bolton and Celia Leonard
Defendants-Appellees

## REPLY TO OBJECTION TO  MOTION FOR SUMMARY DISPOSITION

Steven Bolton and Celia Leonard, Appellees, respectfully submit this reply to Appellant's Objection to Appellees' Motion for Summary Disposition. In support hereof, Appellees state as follows:

## Mediation Conference

As an initial matter, Appellant referenced in her Objection the fact that Appellees' Motion for Summary Disposition was filed two weeks before the scheduled mediation conference. On July 8, 2026, the parties were notified that, as a result of the Appellees' request, the mediation conference has been cancelled.

## District Court's Standard of Review

It is true, as Appellant points out, that, "a district court is free to independently weigh the evidence" when deciding whether to grant a new trial. *Jennings v. Jones*, 587 F.3d 430, 436 (1st Cir. 2009) (citing *MacQuarrie v. Howard*

1

*Johnson Co.*, 877 F.2d 126, 132 (1st Cir. 1989)). But, "trial judges do not sit as thirteen jurors, empowered to reject any verdict with which they disagree." *Id.*

In her Objection, Appellant suggests that, because the District Court did not "address documented and unaddressed contradictions" while crediting the other (abundant) evidence supporting the Jury's verdict, that the District Court did not properly weigh the evidence.[1] The District Court's thorough recitation of the evidence in pages 13-16 of its Order indicates otherwise. As the District Court pointed out in its Order, "[s]o long as a reasonable basis for the verdict exists, it should not be disturbed." *Roman Martinez v. Delta Maint. Serv., Inc.*, 229 F. Supp. 2d 79, 91 (D.P.R. 2002) (internal citations omitted).

Appellate courts have a "constrained review of a trial court's action on a motion for a new trial." *See Jennings v. Jones*, 587 F.3d at 438. In *Jennings*, the Court found no abuse of discretion where the district court's explanation of its

---

[1] Appellant uses the example of the January 6 events to support this conclusion. The District Court chose to credit Attorney Bolton's testimony regarding a tragic incident and found that there was a reasonable basis to conclude that the Appellees' actions were motivated by concern for their staff's safety. The Appellant takes issue with the fact that the District Court's Order did not address Attorney Bolton's alleged comments regarding January 6 (that Attorney Bolton denies saying) or Attorney Leonard's statement regarding recent violent actions against government employees. However, Attorney Leonard's statement and Attorney Bolton's alleged statement would only bolster the Court's finding that the Appellees' actions were a result of their concern for their staff's safety and that Appellant's behavior would continue to escalate. Appellant admitted as much in her Objection (referencing Attorney Bolton's statement that "happily, no one was injured or worse.").

holding in its order "was carefully reasoned and grounded in the evidence," "discussed in detail the testimony of the key witnesses," and where the district court's opinion recited both "the correct legal standards and show[ed] careful reflection." *Id.* at 441. The District Court's Order on Appellant's Motion for New Trial in this matter does just that and, thus, no substantial question exists with respect to the District Court's discretionary decision that, based on the evidence, a reasonable basis for the verdict existed.

**<u>Appellant's Waiver of Objections to District Court's Jury Instructions</u>**

There is no substantial question, as Appellant suggests, with respect to whether Appellant's objections to the District Court's jury instruction(s) on causation were preserved. The record, and the District Court's order recounting the record, are clear – the Appellant never distinctly objected to the District Court's causation instruction. At most, the Appellant filed a proposed causation instruction – but never objected to the District Court's causation instruction or the District Court's failure to use her proposed instruction. Likewise, Appellant never once objected to the District Court's response to the Jury's question – only requesting that the District Court use her proposed language, but then agreeing with the District Court when it explained that its response essentially did include her proposed language, though not in exact words. Not only did Appellant not satisfy

the requirements of Fed. R. Civ. P. 51, but Appellant did not object *at all* to the District Court's causation instruction or response to the Jury's question.

And, even if Appellant did preserve her objection(s) (which she did not), the Court's causation instruction and subsequent response to the Jury's clarifying question were not prejudicially erroneous and were correct recitations of the law.

## District Court's Exclusion of the July 2022 Incident and Admittance of Appellant's Post Arrest Conduct

Appellant tries to equate her own post-arrest conduct within a month of her guilty plea with the alleged conduct of Attorney Bolton during a July 2022 (over a year after the January 2021 trespass incident) interaction with Appellant. However, the Court's rulings on these two pieces of evidence were "asymmetrical" because these pieces of evidence are not symmetrical. Appellant's conduct within a period of time during which she claims she was emotionally distressed from her arrest directly contradicts her claimed damages. Appellant put her post-arrest conduct at issue when she claimed that, following the arrest, she "feared for her safety" and "generally avoided" City Hall. On the other hand, Attorney Bolton's alleged actions during a completely separate and unrelated event over a year later had no bearing on the claims or defenses in this matter. Appellant's reliance on *Iacobucci v. Boulter*, 193 F.3d 14, 20 (1st Cir. 1999), and *United States v. Sutton*, 970 F.2d 1001, 1007 (1st Cir. 1992), to support her contention that "evidence of subsequent events frequently sheds light upon, and thus assumes relevance in relation to,

antecedent acts" is misplaced. In *Iacobucci*, the evidence at issue was an audio recording that included statements made by police following the arrest, where the statements could have been reasonably construed to contain references to what transpired <u>at the time of the arrest at issue in the case</u>. *See Iacobucci v. Boulter*, 193 F.3d at 20. This is inherently different from evidence of Attorney Bolton's alleged conduct during a separate and distinct incident over a year later, completely unrelated to Appellant's arrest in 2021. Likewise, in *Sutton*, the evidence at issue was the defendant's continued promotion of an investment scheme after acquiring certain knowledge that documents had been forged, which the court found could plausibly be viewed by the jury as "bespeaking complicity and guilty knowledge from the start." *United States v. Sutton*, 970 F.2d at 1008 (internal citations omitted).

Attorney Bolton's subsequent alleged conduct over a year later during a completely unrelated incident has no bearing on his state of mind at the time of the trespass incident or Appellant's arrest in 2021. Accordingly, the District Court was correct in finding such evidence irrelevant.

Even if Attorney Bolton's alleged conduct in July 2022 was in any way relevant to the sole remaining claim in this matter, the District Court correctly found that, in addition to it being marginally relevant at best, admittance of the July

2022 incident – the events of which are largely contested by the parties – would have created a trial-within-a-trial and very likely would have confused the jury.

**Appellees' Reservation of Alternative Grounds for Affirmance**

Finally, Appellant attempts to use Appellees' reservation of alternative grounds for affirmance as further support for the denial of Appellees' Motion for Summary Disposition. Appellant does so without providing any legal support for her assertion that, even where an Appellee has not filed its own appeal, the fact that an Appellee may assert an alternative ground for affirmance satisfies an Appellant's burden to show a substantial question. Appellees have not filed an appeal related to the judgment or the District Court's orders in this case, and they did not need to in order to assert an alternative ground for affirmance *if necessary*. Appellant attempts to use an issue for which the District Court found in her favor to bolster her position that this Court should deny the Appellees' Motion for Summary Disposition. That is not proper, as it is not a substantial question raised by *Appellant's* appeal (nor was the question of the *Nieves* exception raised in any of Appellant's pleadings prior to her Objection).

**Conclusion**

For the foregoing reasons, the Appellees respectfully request that the Court find that summary affirmance is appropriate, and grant the Appellees' Motion for Summary Disposition.

Respectfully submitted,

**Steven A. Bolton,**

By his Counsel,

**UPTON & HATFIELD, LLP,**

Date: July 28, 2026

/s/ Russell F. Hilliard

Russell F. Hilliard
1st Circuit Court of Appeals #14103
159 Middle Street
Portsmouth, NH 03801
(603) 436-7046
rhilliard@uptonhatfield.com

and

**Celia K. Leonard**

By her Counsel,

**CULLEN COLLIMORE SHIRLEY, PLLC,**

Dated: July 28, 2026

/s/ Brian J.S. Cullen

Brian J.S. Cullen
1st Circuit Court of Appeals #99808
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
bcullen@cullencollimore.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was this day forwarded to all counsel of record through the Court's E-filing system.

/s/ Russell F. Hilliard
Russell F. Hilliard

**Certificate of Compliance With Type-Volume Limit**

Certificate of Compliance With Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

   ☒   this document contains 1,354 words, or

   ☐   this brief uses a monospaced typeface and contains _____ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   ☒   this document has been prepared in a proportionally spaced typeface using Times New Roman  in 14 font, or

   ☐   This document has been prepared in a monospaced typeface using _____.

/s/ Russell F. Hilliard
Russell F. Hilliard; 1st Circuit Court of Appeals #14103
Attorney for Steven Bolton
Dated:  July 28, 2026